(No. 41418.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WALTER HANGSLEBEN, Appellant.

*Opinion filed Sept. 26, 1969.—Rehearing denied Nov. 25, 1969.*

ROBERT F. KAUCHER, of Belleville, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT H. RICE, State's Attorney, of Belleville, (FRED G. LEACH, Assistant Attorney General, and KENNETH J. JUEN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Walter Hangsleben, entered a plea of guilty in the circuit court of St. Clair County to an indictment charging him with the crime of burglary and was sentenced to the penitentiary for a term of not less than 4 nor more than 10 years. His petition under the Post-Conviction Hearing Act was denied without an evidentiary hearing and defendant has appealed from the post-conviction judgment. The defendant's *pro se* post-conviction petition alleged that the indictment was invalid because it did not bear a date and was not endorsed as a true bill by the foreman of the grand jury. Counsel was appointed for defendant by the trial court and no amended petition was filed. We appointed counsel to represent the defendant on his appeal and the only argument presented to us concerns the validity of the indictment.

The record contains a copy of the indictment which was signed on its face by the State's Attorney and which sufficiently charges the defendant and other persons with the crime of burglary. However, the record does not contain a copy of the reverse side of the indictment on which the words "true bill" normally appear, and which is customarily signed by the foreman of the grand jury. It is this defect which defendant alleges deprived him of due process of law.

In *Nomaque v. People,* Breese, 145, decided in 1825, the

court held that it was indispensable that the grand jury endorse their finding on the indictment, verified by the signature of the foreman, and it is this case which is principally relied upon by the defendant. However, in *People ex rel. Merrill* v. *Hazard,* 361 Ill. 60, the *Nomaque* case was expressly overruled and the court held that the signature of the foreman of the grand jury was required only as a matter of direction to the clerk and for the information of the court, and that its presence or absence did not materially affect any substantial right of the defendant. (*Cf. People ex rel. Kelly* v. *Frye,* 41 Ill.2d 287.) In *Frisbie* v. *United States,* 157 U.S. 160, 39 L. Ed. 657, dealing with the procedure in the Federal courts, the Supreme Court cited authorities from various States holding that the absence of an endorsement on an indictment went more to the form than to the substance of the proceedings. We pointed out in *People* v. *Hill,* 17 Ill.2d 112, in discussing the necessity of a formal plea, that the modern trend in criminal procedure substitutes an interest in the significant rights of the litigants in place of a ritualistic concern with formalities. The indictment in the present case bears the file stamp of the clerk. The proceedings at the time of the arraignment disclose that the defendant was represented by counsel of his own choice. The prosecutor delivered a copy of the indictment to defendant in open court, stating that it was a copy of an indictment returned by the grand jurors of the county. After admonishment by the court, defendant entered his plea of guilty. There can be no question but that this indictment was actually returned by the grand jury and the absence of a signature, if indeed it was missing, from the reverse side of the indictment did not substantially affect the rights of the defendant. Section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1964, ch. 38, par. 111—3) which requires the signature of the foreman of the grand jury on an indictment, is not relevant here. A post-conviction proceeding is concerned with constitutional questions,

and alleged violations of statutory rules of procedure which do not violate constitutional rights do not warrant post-conviction relief. (*People* v. *Orndoff*, 39 Ill.2d 96, 99; *People* v. *Owens*, 34 Ill.2d 149, 150.) The trial court properly ruled that the post-conviction petition did not require a hearing and the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*