(No. 44753.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. GEORGE NEWBERRY, Appellant.

*Opinion filed September 25, 1973.*

SCHAEFER, J., took no part.

RODNEY D. JOSLIN, of Chicago (JENNER & BLOCK, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and PATRICIA C. BOBB, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioner George Newberry was indicted for murder, convicted of voluntary manslaughter following a bench trial in Cook County, and sentenced to imprisonment of 4 to 15 years. The appellate court affirmed. (*People v. Newberry (1970), 127 Ill. App. 2d 322.*) Petitioner then sought relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) in the circuit court of Cook County, and his *pro se* petition was denied without an evidentiary hearing. It is from that denial that this appeal comes.

To be cognizable under the Post-Conviction Hearing Act, a claim must assert the substantial denial of a constitutional right; a number of petitioner's arguments, however, have been or should have been adjudicated in his prior direct appeal and we do not believe that the facts of this case warrant their examination under the "fundamental fairness" exception to the doctrine of *res judicata*. (*People v. Weaver (1970), 45 Ill.2d 136; People v. Hamby*

*(1965), 32 Ill.2d 291.)* Of the several remaining allegations of constitutional error made by petitioner, only the following concerning the right to effective assistance of counsel, are pleaded with sufficient clarity to permit review:

> "4. Petitioner's court-appointed lawyer did not afford him effective assistance of counsel which is in violation of the Sixth (6th) and Fourteenth (14th) Amendments to the Constitution of the United States and Illinois Constitution, Article II, paragraphs nine (9) and two (2) as pointed out.
>
> a.) Counsel was changed without petitioner's permission by the court.
>
> b.) Court-appointed counsel had been original prosecutor of this case.
>
> c.) Court-appointed counsel refused to subpoena essential defense witness or obtain continuance until recovery of 'sick' witness.
>
> d.) Counsel lied when he answered 'ready,' or said he was ready for trial—knowing he was lying—that he was not prepared to defend petitioner, had not subpoenaed defense witnesses."

Petitioner's subparagraphs 4c and 4d are inadequate. It is not sufficient to merely allege the existence of an "essential defense witness," without identifying him and providing an adequate description of his testimony upon which a judicial determination of its importance may be predicated. As we have heretofore said:

> "We believe that it was incumbent upon petitioner in his petition or accompanying affidavits to identify with reasonable certainty the source from which the alleged evidence *** would be forthcoming, that it was available, and of what it would consist, for this is the purpose of the statutory requirement that affidavits, records or other materials supporting the allegations of the petition accompany it, or their absence be

explained." *People v. Ashley (1966), 34 Ill.2d 402, 411.*

Here petitioner has advanced an unsupported conclusion of error without a substantial showing of facts necessary to obtain an evidentiary hearing. *E.g., People v. Williams (1972), 52 Ill.2d 466.*

Subparagraph 4b alleges that counsel for petitioner had been the "original prosecutor of this case." During oral argument of this appeal, counsel further refined this assertion to a more limited one: that petitioner's trial and appellate counsel had served as head of the criminal division of the Cook County State's Attorney's office while this case was being prepared. No further facts concerning counsel's involvement, if any, in this particular prosecution were alleged either in the post-conviction petition or during argument. Moreover, no suggestion is offered as to how any acts or omissions of counsel in this case might have produced any other result. We do not believe the premise urged by defendant—that a disqualifying conflict of interest requiring reversal exists whenever a former assistant prosecutor, employed as such at the time of defendant's indictment, subsequently is appointed defense counsel—is either necessary or desirable. We perceive no inherent prejudice to defendant in that factual setting, and, conceivably, some advantage could inure to defendant, although it is neither claimed nor established here that defense counsel, while assistant State's Attorney, had any actual knowledge of defendant's case. Under these circumstances, we believe that petitioner's general allegation of constitutionally defective representation is insufficient to require an evidentiary hearing.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.