THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE DEXTER DARBY, Defendant-Appellant.

(No. 12696;

Fourth District—July 10, 1975.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville ( G. Michael Prall and Stephen Deitsch, both of Illinois State's Attorneys Association, of counsel ), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant George Dexter Darby was indicted on March 27, 1973, for attempted murder and aggravated battery. Both offenses were allegedly committed on January 1, 1973. On March 30, 1973, defendant appeared for arraignment in person and by counsel. The People appeared by John R. McClory, assistant State's Attorney. Defendant was given a copy of the indictment, a list of witnesses who had testified before the grand jury, and a list of petit jurors. Defendant entered a plea of not guilty. On the same day defendant filed a motion to dismiss count I of the indictment, which charged attempted murder, and McClory, on behalf of the State's Attorney, filed a motion to strike defendant's motion on the ground that it was legally insufficient. There is nothing in the record which indicates that the motion was ever argued or ruled upon.

Defendant was tried before a jury on November 27, 1973. Trial counsel for defendant was Edward Litak, public defender of Vermilion County, the People were represented by Fred Underhill, assistant State's Attorney. The jury returned a verdict of guilty of aggravated battery. On January 17, 1974, a pre-sentence report was filed. On March 28, 1974, the sentencing hearing was had. At this hearing the defendant was represented by John McClory, assistant public defender of Vermilion County, and who was the same attorney who had made the brief appearance for the People on March 30, 1973. The date upon which McClory had terminated his position as an assistant State's Attorney and assumed his duties as assistant public defender does not appear in the record. There is no contention that he had any further contact with defendant's case in a prosecutorial capacity other than on the one occasion above noted.

The record discloses that defendant had a juvenile record for car theft in Indiana, and violated parole on two occasions. The record also dis-

closes conviction, as an adult, for liquor laws violation, unauthorized control over a motor vehicle, burglary and disorderly conduct, all in the State of Indiana.

The State's Attorney urged the court to impose a 3-to-10-year sentence. McClory endeavored to persuade the court to admit the defendant to probation. The trial judge adopted neither recommendation and imposed a sentence of 1 to 3 years, from which sentence defendant was paroled on November 4, 1974.

The sole issue raised on appeal is stated by appellant to be: Whether the sentence must be vacated because the defendant was not provided the effective assistance of counsel during the sentencing proceeding.

The defendant's argument in support of the claim of error is divided and hinges on two propositions.

Defendant maintains that because of the fact McClory had appeared on behalf of the People at his arraignment and filed a motion, and 1 year later was assigned to represent defendant at the sentencing hearing, there was "* * * an apparent conflict of interest in the same case * * *" which denied him effective assistance of counsel during that hearing.

■■ We first note that the record does not indicate that McClory had any connection with the prosecution of defendant other than his routine attendance at the arraignment. The motion filed dealt only with the legal sufficiency of defendant's motion to dismiss. At the time of McClory's appearance for defendant at the sentencing hearing, 1 year later, McClory owed no allegiance to the State's Attorney nor to the prosecutorial function of the State. No conflict then existed as in *People v. Stoval*, 40 Ill.2d 109, 239 N.E.2d 441, or *People v. Meyers*, 46 Ill.2d 149, 263 N.E.2d 81, which would invoke the per se rule set forth in *Stoval*. McClory had no commitment to other persons nor to any other entity at the time of the sentencing hearing. There is nothing in this record which even remotely suggests that there is inherent prejudice to defendant in the factual setting presented here, and we conclude that there is no merit in this contention. *People v. Newberry*, 55 Ill.2d 74, 302 N.E.2d 34.

■■ Finally, defendant argues that the record demonstrates that he was prejudiced by his attorney's erroneous assumption that 1 year was the minimum term to which defendant could be sentenced. To put it another way, he is arguing that the Unified Code of Corrections became effective on the day that the crime was committed, and that counsel should have argued the construction of sections 12—4(b)(1), (b)(9) and (d) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b) (1), (b)(9) and (d)) which was recently adopted by this court in *People v. Bratcher*, 29 Ill.App.3d 202, 330 N.E.2d 297. The meaning and

effect of those sections have been the subject of uncertainty and disagreement since the enactment of the Code of Corrections, and the matter may not yet be finally settled. For counsel to have entertained an opinion as to the meaning of the statute, which opinion was clearly shared by other members of the profession, does not constitute a denial of effective assistance of counsel. It is also clear from the record that the trial judge would not have imposed a lesser sentence had he been of the opinion that such was available.

The charge that a defendant has been denied effective assistance of counsel is a serious charge. It ought not to be lightly made. We have examined the record of the sentencing hearing. It establishes, in our view, a vigorous and effective representation of defendant by counsel. The judgment is affirmed.

Judgment affirmed.

GREEN and TRAPP, JJ., concur.