THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. MACK T. COLE, Defendant-Appellant.

(No. 74-245;

Third District—December 31, 1975.

Califf, Harper, Fox & Dailey, of Moline, for appellant.

David DeDoncker, State's Attorney, of Rock Island (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant Mack T. Cole was charged with the murder of his wife but pleaded guilty to the lesser included offense of voluntary manslaughter pursuant to plea negotiations. The defendant was originally sentenced to a term of 12 to 20 years. On one previous appeal that sentence was vacated and his case remanded to the circuit court for a new sentencing hearing. On November 16, 1973, the trial court imposed a sentence of not less than 6 years and 8 months nor more than 20 years. Again the defendant directly appealed to this court and we affirmed the sentence imposed at 23 Ill.App.3d 620, 321 N.E.2d 71. Subsequently Cole filed a timely petition for post-conviction relief based on alleged defects in the conduct of the hearing wherein his guilty plea was accepted. He appeals from the denial of his petition for post-conviction relief. The defendant raises three issues in his appeal, (1) whether defendant was properly admonished by the trial court to determine if the defendant understood the nature of the charge against him; (2) whether defendant was properly admonished by the trial court that he had a right to persist in his plea of not guilty, (3) whether the trial court entered a judgment on defendant's plea of guilty without first determining that there was a factual basis for the plea.

The defendant basically contends that the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402) were not followed by the trial court and that therefore reversible error was committed in the denial of his petition for post-conviction relief.

■■■ *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969), established that the constitution requires the record to affirmatively show that a defendant has entered his guilty plea knowingly and voluntarily. Our Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402) followed *Boykin* and was enacted to insure compliance with the requirements that a guilty plea be knowingly and intelligently made in addition to giving visibility to plea negotiations. "Their [Rules 401 and 402] purpose is a rather prophylactic one, to provide for the preservation of a complete record on the basis of which to appraise attacks made upon judgments of conviction in cases in which a lengthy period of imprisonment may be involved." (*People v. Hopping*, 60 Ill.2d 246, 251, 326 N.E.2d 395, 398 (1975).) In *People v. Reeves*, 50 Ill.2d 28, 276 N.E.2d 318 (1971), the Illinois Supreme Court held that there is no constitutional requirement that the record show that a defendant be specifically admonished as to each of the several rights which are waived by a guilty plea. If defendant Cole's guilty plea was not a substantial denial of a constitutional right, then even a failure to literally comply with the provisions of Rule 402 will not require a reversal of his conviction. (See *People v. Roberts*, 27 Ill.App.3d 489, 326 N.E.2d 116, 119 (1975); *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559 (1974).) The burden is upon the defendant to establish that he was deprived of a substantial constitutional right. (*People v. Newberry*, 55 Ill.2d 74, 302 N.E.2d 34 (1973).) The defendant does not claim that his guilty plea was involuntary or that he made it unknowingly and would not have made it had he known all his constitutional rights, even though he insists he did not understand. "[S]upreme court cases indicate that where there is no claim that the plea (or waiver) is not voluntary, or that any harm or prejudice occurred, or that defendant was unaware of the factors of which the court neglected to admonish him, then the error is harmless." *People v. Roberts*, 27 Ill.App.3d 489, 493 (1975).

■■ Because this is a post-conviction proceeding brought under the Post-Conviction Hearing Act, it is only proper to determine whether there was a substantial denial of defendant's rights under the Constitution of the United States or the State of Illinois or both. (Ill. Rev. Stat. 1973, ch. 38, § 122—1 *et seq.*; *People v. Newberry*; *People v. Holvey*, 17 Ill.App.3d 809, 308 N.E.2d 622 (1974).) "[M]ere noncompliance with Supreme Court Rule 402 does not raise an issue of constitutional dimension but is relevant in a post-conviction proceeding only

so far as the record does or does not demonstrate the defendant's plea was intelligently and voluntarily made." (*People v. Turner*, 25 Ill.App.3d 847, 852, 323 N.E.2d 371, 375 (1975).) Upon our review of the entire record in this case we determine that there was an affirmative demonstration that Cole's plea of guilty was made knowingly and voluntarily.

The following took place in open court:

"MR. CARPENTIER: Your Honor, this is Mack T. Cole. Mr. Cole was charged in Indictment No. 71 CF 101 with the crime of Murder. I was appointed to represent him, and I have conferred with Mr. Cole on several occasions and have made an investigation of this case and have discussed my investigation with Mr. Cole. At this time he has requested me to advise the Court that it is his desire to enter a plea of guilty to Voluntary Manslaughter. Is that correct, Mr. Cole?

THE DEFENDANT: Yes.

THE COURT: Is that a count included?

MR. CARPENTIER: It would be a lesser included offense.

THE COURT: Do you waive the reading of the Indictment, Mr. Carpentier?

MR. CARPENTIER: Yes, we waive the reading of the Indictment, Your Honor.

THE COURT (Addressing Defendant): You are Mack T. Cole?

THE DEFENDANT: Yes, Sir.

THE COURT: Mr. Cole, is Mr. Carpentier's statement correct?

THE DEFENDANT: Yes, Sir.

THE COURT: And he has gone over this with you?

THE DEFENDANT: Yes, Sir, he has.

\* \* \*

THE COURT: And I presume you have conferred with him a number of times?

THE DEFENDANT: Yes, Sir.

THE COURT: Has he explained to you what your rights are?

THE DEFENDANT: Yes, Sir.

THE COURT: I will state to you that it is also necessary the Court admonish you as to your rights. You are offering this plea of Voluntary Manslaughter in the charge of the indictment of Murder, and the offense of Voluntary Manslaughter is, of course, a lesser offense included in the charge of Murder. You understand, however, that you are entitled to a trial by a jury, or you could waive that and be tried by the court, and in either of those events the State would have to prove its case against you beyond

a reasonable doubt; and further the Court would subpoena any witnesses you might wish to call. By offering this plea of guilty, if accepted by the Court, you waive all those rights, do you understand that?

THE DEFENDANT: Yes, Sir.

THE COURT: Do you think there is anything about this procedure you do not understand?

THE DEFENDANT: No, Sir.

\* \* \*

THE COURT: Did you make this plea willingly?

THE DEFENDANT: Yes, Sir.

THE COURT: Were any promises made to you to induce you to offer this plea?

THE DEFENDANT: No, Sir.

\* \* \*

THE COURT: All right. (Addressing Defendant) Did anyone use any force against you in any way to induce you to plead guilty?

THE DEFENDANT: No, Sir."

■■ We are convinced that the trial court's examination of Cole, as to his understanding by naming the charge and Cole's awareness of the essence and general character of the charge of voluntary manslaughter by his responses, is sufficient compliance with Rule 402. *People v. Long,* 27 Ill.App.3d 457, 326 N.E.2d 204 (1975); *People v. Hufford,* 18 Ill. App.3d 646, 310 N.E.2d 216 (1974).

The second issue raised by defendant is whether he was properly admonished that he had a right to persist in his plea of not guilty. The trial court ascertained from Cole's attorney that he had explained Cole's rights to him. It was also determined by question and answer that Cole understood the procedure involved in his pleading guilty to the lesser included offense of voluntary manslaughter. No evidence is presented by the defendant to suggest that there was any prejudice, confusion, misrepresentation or lack of knowledge surrounding his guilty plea. He admitted signing a plea of guilty to voluntary manslaughter willingly in open court. From the record of the proceeding at which Cole pleaded guilty, quoted at length previously, it appears Cole was adequately admonished as to his right to plead not guilty. He was informed that he was entitled to a trial by jury, or that he could waive that and be tried by the court. He was told by the trial judge that in either of these events the State would have to prove its case against him beyond a reasonable doubt. At the conclusion of this statement, he was told: "By offering this plea of guilty, if accepted by the Court, *you waive all those*

*rights, do you understand that?"* (Emphasis added.) The defendant responded, "Yes Sir." Again the court asked defendant if there was anything about this procedure that he did not understand and Cole replied, "No, Sir." In view of the lack of any evidence of misrepresentation or involuntary inducement for Cole to plead guilty, we believe he was sufficiently warned and was aware that he had a right to persist in his original plea of not guilty.

The third and last issue argued by Cole is that there was no factual basis for his plea of guilty. The record of the proceeding contradicts that argument. Before finally accepting Cole's guilty plea the court inquired of him:

> "THE COURT: Actually you are making this plea to the Court irrespective of the arrangement you and the State's Attorney may have arrived at because *you are guilty* is that correct?
>
> THE DEFENDANT: Yes, Sir." (Emphasis added.)

■■ In *People v. Holvey*, 17 Ill.App.3d 809, 810, 308 N.E.2d 622, 623 (1974), under circumstances similar to those in the present case, we stated:

> "The above [Holvey's admissions of guilt] has been held not a sufficient compliance with Rule 402(c) and were this proceeding a direct appeal, under the authority of *People v. Walraven*, 11 Ill.App.3d 1085, 297 N.E.2d 198, we would likely reverse and remand with directions that the defendant be allowed to plead anew."

In *Holvey*, we found that where the trial court asked the defendant if he was pleading guilty because he was in fact guilty, and the defendant replied affirmatively, there was a sufficient factual basis to support a guilty plea because that case involved an appeal from a judgment denying post-conviction relief to a defendant, not a direct appeal. The instant appeal is also from a judgment denying post-conviction relief. As in *Holvey*, we here find that Cole's claim of a per se violation of Rule 402(c) is not a denial of a constitutional right and that the trial court properly denied his petition for post-conviction relief.

We find that the plea of guilty made under the terms of the plea negotiations and agreement was voluntarily, intelligently and understandingly. made. We do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402. However, not every deviation therefrom will require reversal. Substantial compliance with Rule 402 is the standard and the error resulting from failure to comply strictly with Rule 402 can only be harmless.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.