THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CHARLES SANFORD, Petitioner-Appellant.

First District (4th Division)   No. 76-695

Opinion filed February 16, 1978.

Sidney A. Jones, III, of Mitchell, Hall & Jones, P. C., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and John J. Rayman Lieberman, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Petitioner, Charles Sanford, appeals from dismissal of his post-conviction petition without an evidentiary hearing. Petitioner argues that the allegations set forth in his *pro se* petition require that an evidentiary hearing be conducted, and he maintains his counsel at prior proceedings afforded him inadequate representation.

Following a jury trial in the circuit court of Cook County in 1966, petitioner was convicted of the murder of John Davenport and arson; he was sentenced to concurrent terms of 50 to 75 years. These judgments were affirmed on direct appeal. (*People v. Sanford* (1968), 100 Ill. App. 2d 101, 241 N.E.2d 485.) In 1968 petitioner filed a *pro se* petition pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) Counsel was appointed to represent petitioner but subsequently was granted leave to withdraw after apparently concluding the matter was without merit. The *pro se* petition was then dismissed and no appeal was taken.

Several years later a second post-conviction petition was filed alleging the impropriety of multiple convictions under the facts presented. The State's brief in this appeal suggests the public defender was appointed to represent petitioner in the matter, although the present record is not clear in this respect. In any regard the petition was dismissed. On appeal of the second petition, this court directed that the judgment pertaining to the arson conviction be vacated because it arose from the same course of conduct as the murder conviction. *People v. Sanford* (1975), 25 Ill. App. 3d 763, 324 N.E.2d 12 (abstract).

In 1976 a third *pro se* post-conviction petition was filed. Petitioner maintained that he had not been indicted in conformity with the requisite statutory procedures and had not received a preliminary hearing. He also contended that the cause of the victim's death was not properly shown, that his trial counsel was incompetent, that no fingerprints were found on a gasoline can apparently used to start the fire, and that several State witnesses had lied. Petitioner claimed he had a witness, whose identity was not disclosed, to substantiate his claim of perjury.

The public defender was appointed to represent petitioner. Counsel did not file an amended petition. At the hearing on the State's motion to dismiss the matter, petitioner's counsel indicated he had reviewed the case and had no basis upon which to object to the motion. The trial court then dismissed the petition. This appeal follows and petitioner is represented by counsel appointed by this court, who has not participated in any of the prior proceedings.

The State convincingly urges that the multitude of prior attempts by petitioner to nullify his conviction render the present issues *res judicata;* and those issues which could have been raised at those proceedings but were not are now considered waived. (See *People v. Partin* (1977), 69 Ill. 2d 80, 83, 370 N.E.2d 545.) However, we will examine petitioner's contentions in light of the record presented in order to terminate the extensive litigation of this matter.

■■ Petitioner now contends that he was not given a preliminary hearing when he was indicted in 1966. This argument fails to present a cognizable issue within the framework of a post-conviction proceeding because, at the time petitioner was indicted, he had no constitutional right to a preliminary hearing. *People v. Hood* (1974), 59 Ill. 2d 315, 323, 319 N.E.2d 802.

Petitioner maintains that his counsel at trial in 1966 should have objected to a gasoline can introduced into evidence which did not show his fingerprints. Moreover, petitioner also now urges that his trial counsel was incompetent because he stipulated to the results of Davenport's post-morten examination which he claims was not in fact performed; and counsel failed to seek out an unidentified witness who would have discredited the testimony of two State's witnesses.

It is axiomatic that the burden is on the petitioner in post-conviction proceedings to show a violation of his constitutional rights. (*People v. Farnsley* (1973), 53 Ill. 2d 537, 549, 293 N.E.2d 600.) In order to establish a constitutional claim of incompetence of counsel, the representation afforded petitioner must be of such low calibre as to render the proceedings a sham or farce. *People v. Virgil* (1977), 54 Ill. App. 3d 682, 686-87, 370 N.E.2d 74.

■■ While petitioner's trial record has not been filed as part of this

appeal, examination of this court's opinion in petitioner's direct appeal clearly demonstrates the relevancy of the gasoline can as the container apparently used to bring a combustible fluid into the building in order to start the fire. Moreover, with the exception of petitioner's bare allegation concerning the cause of Davenport's death and reference to an unidentified witness, who petitioner claims would have shown that two State's witnesses committed perjury, petitioner did not submit documentation to establish such assertions. Under the circumstances, dismissal of the post-conviction petition without an evidentiary hearing was proper. (*People v. Jones* (1977), 66 Ill. 2d 152, 157, 361 N.E.2d 1104; *People v. Newberry* (1973), 55 Ill. 2d 74, 76-77, 302 N.E.2d 34; *Farnsley*, at 549.) The record presented herein does not establish that petitioner's trial counsel was incompetent.

Petitioner also maintains that he was arraigned after eight jurors had been selected for his trial. He maintains that the indictment was not signed by the grand jury foreman or the State's Attorney. The thrust of the contention seems to be that a grand jury proceeding may not have occurred, and petitioner may not have been afforded a prompt determination of probable cause. The copy of the indictment contained in this record shows that it was filed on June 21, 1966, and it bears the typewritten names of the grand jury foreman and State's Attorney. The record also shows petitioner had two copies of the indictment when he was arraigned, and such procedure occurred after a partial selection of a jury had been accomplished.

■■■ We initially note that failure to promptly ascertain probable cause to charge petitioner would not vitiate a subsequent conviction (*Gerstein v. Pugh* (1975), 420 U.S. 103, 119, 43 L. Ed. 2d 54, 95 S. Ct. 854; *cf. People v. Hendrix* (1973), 54 Ill. 2d 165, 169, 295 N.E.2d 724), thus precluding any claim of constitutional magnitude in this case. Moreover, in *People v. Hangsleben* (1969), 43 Ill. 2d 236, 252 N.E.2d 545, an analogous contention was raised because the indictment did not bear a date and was not endorsed by the grand jury foreman. The defendant contended this lack of a signature deprived him of due process of law. The supreme court held that the lack of the foreman's signature was not of constitutional dimension. In the present case petitioner was represented by counsel; he was given a copy of the indictment; the court explained the nature of the charges; and petitioner pleaded not guilty. The record does not in any manner support petitioner's conjectural assertion that the indictment was not returned by the grand jury.

■■ While petitioner has claimed that the other attorneys who represented him in proceedings subsequent to his convictions were incompetent for not having raised the aforesaid issues, we need not discuss this issue. We specifically note that the failure of petitioner's trial

counsel to amend the third post-conviction petition is not indicative of improper representation, because counsel is under no obligation to present frivolous constitutional claims. *People v. Phelps* (1972), 51 Ill. 2d 35, 38, 280 N.E.2d 203.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

DIERINGER and ROMITI, JJ., concur.