THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS HALL, Defendant-Appellant.

First District (2nd Division)    No. 76-1621

Opinion filed March 14, 1978.

488

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Curtis Hall, was found guilty of murder (Ill. Rev. Stat. 1973, ch. 38, par. 9—1(a)(1)) and sentenced to a term of 14 to 20 years. On appeal the issue raised is whether defendant was prejudiced by the fact that his court-appointed trial counsel was a former Assistant State's Attorney who had filed a motion for pretrial discovery on behalf of the State in his case.

On December 11, 1973, defendant was charged with the murder of Amy Gaddis. From January 23, 1974, to August 14, 1975, defendant was represented by a lawyer named William Starke. On May 29, 1974, the defense counsel filed a motion for discovery. The same day the State also filed a motion for pretrial discovery and the notice accompanying the State's motion was signed by Assistant State's Attorney Chester Slaughter. Defendant's motion for discovery was answered by another Assistant State's Attorney, Richard Copeland. No other documents filed by the State in this case were signed by Chester Slaughter.

On August 14, 1975, defendant's lawyer was given leave to withdraw from the case, and the Public Defender was appointed. At the court appearance immediately following the withdrawal of defendant's counsel, defendant moved that a lawyer other than the Public Defender be appointed, and the court thereafter appointed Chester Slaughter who

had apparently terminated his service as an Assistant State's Attorney at this time.

Defendant waived his right to a jury. Although when asked by the court if he wanted to be tried by jury, defendant responded that he would take a bench trial because he trusted his lawyer. The record does not establish that defendant knew that his lawyer had been an Assistant State's Attorney in his case or that counsel had participated in the filing of the State's pretrial discovery motion. Trial commenced on February 4, 1976, and defendant was represented solely by Chester Slaughter. The State on appeal does not dispute that this attorney was the same individual who participated as an Assistant State's Attorney in an earlier segment of this case.

It is not necessary to relate the facts pertaining to the incident for which defendant was tried since the issue before this court is whether defendant was represented by counsel who may have had a possible conflict of interest.

In *People v. Newberry* (1973), 55 Ill. 2d 74, 77, 302 N.E.2d 34, the supreme court held that it perceived no inherent prejudice to defendant in the appointment of a defense counsel who had formerly been an assistant prosecutor at the time of defendant's indictment and that it is possible that defense counsel's former association with the prosecution could inure to the benefit of the accused. The facts in *Newberry*, however, show that the attorney who represented defendant at trial and on appeal had previously served as head of the criminal division of the State's Attorney's office while the case was being prepared. No facts were alleged that defense counsel was involved directly in the preparation of the State's case against defendant.

More recently the supreme court has held that sound policy does not favor the representation of an accused by an attorney with possible conflict of interests. And a defendant need not show actual prejudice resulting from such representation where it does not appear that the defendant was aware of the possible adverse interest. See *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67.

In *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, a court-appointed defense counsel had previously been an assistant prosecutor and appeared on three preliminary trial motions for the State. The supreme court stated:

"It is possible that defense counsel's former association with the prosecution could inure to the benefit of the accused. (*Cf. People v. Newberry* (1973), 55 Ill. 2d 74.) But there is also the possibility that the attorney might be subject to subtle influences which could be viewed as adversely affecting his ability to defend his client in an independent and vigorous manner. * * *.

\* \* \* While there has been no showing that \* \* \* counsel did not represent the defendant in a competent and dedicated manner with complete loyalty to him, we conclude that a potential conflict was present, and \* \* \* we hold that it was unnecessary for the defendant to show that actual prejudice resulted therefrom.

The record does not, in our judgment, establish that defendant knowingly waived his right to representation by court-appointed counsel who was free from any conflict of interest." 66 Ill. 2d 162, 167-68.

■■■ In the instant case the court appointed defense counsel pursuant to the provisions of section 113—3(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 113—3(b)). It is necessary in the interest of scrupulous regard for the policy regarding possible conflict of interests that a trial judge who appoints private counsel to represent a defendant take sufficient care to determine that the lawyer appointed has not participated in the case in an adversary capacity prior to appointment or that full disclosure of such participation be made known to defendant. This did not occur in the present case.

For this reason we have determined that the judgment of the circuit court of Cook County must be reversed and the cause remanded for a new trial.

Reversed and remanded.

STAMOS, P. J., and BROWN, J., concur.