THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS P. CANGELOSI, Defendant-Appellant.

First District (5th Division)    Nos. 77-1271, 77-1869 cons.

Opinion filed January 5, 1979.

490

James J. Doherty, Public Defender, of Chicago (John McNamara, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant appeals from a denial of post-conviction relief pursuant to section 122 of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1975, ch. 38, pars. 122—1 through 122—7.) He contends that his theft conviction in

Cook County violated his constitutional rights in that: (1) he was denied his right to counsel; (2) his plea of guilty was induced by a promise which was not kept; and (3) the transcript of the proceedings in which his guilty plea was accepted does not affirmatively show a voluntary waiver of his rights or a proper admonishment by the trial court as required by Supreme Court Rule 402. Ill. Rev. Stat. 1975, ch. 110A, par. 402.

We reverse and remand. The pertinent facts are as follows.

On August 26, 1976, while on probation in Du Page County, defendant appeared before Judge Robert Meier III in Cook County and pleaded guilty to a charge of theft of three hypodermic syringes from Michael Reese Hospital in violation of section 16—1(a) of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a).) He was fined $45 and $5 for court costs. The entire official transcript of the hearing contains only the following proceedings:

"(OFF THE RECORD DISCUSSION).

THE COURT: Thomas Cangelosi, C—A—N—G—E—L—O—S—I. Plea of guilty. Finding of guilty. Forty-five and five."

The record does not contain any reference to admonishments or waivers of admonishments of any kind. However, at the post-conviction hearing it was stipulated that defendant was not represented by counsel before Judge Meier.

Thereafter, on September 27, 1976, the defendant appeared in Du Page County for a probation revocation hearing. He had there been placed on probation in 1975 for convictions of burglary and attempt burglary. The violation of probation alleged was his arrest and being charged with the theft of syringes in Cook County. Although the court was aware of the guilty plea entered in Cook County, defendant was fully admonished as to his options. The record shows the following dialogue:

"THE COURT: You understand you have a right to the full hearing right here in the courtroom now?

MR. CANGELOSI: Yes, your Honor.

THE COURT: Do you understand if you are going to stand here and tell me you did violate your probation by committing an offense, a criminal offense for which you pled guilty, that that does leave me no alternative but to find you guilty of violating your probation, and I decide what kind of sentence to give you?

MR. CANGELOSI: Yes."

The court then asked the defendant if he was guilty of the theft in Cook County, and the following exchange took place:

"MR. CANGELOSI: Yes, sir. I pleaded guilty to it. I didn't take them, though.

THE COURT: You see, there is going to be our problem. If you are going to say you pleaded guilty but you didn't take the syringe

needles, I have to have evidence before I can find you guilty of violating probation. I have to have evidence.

MR. CANGELOSI: But—

THE COURT: The only way I can accept a plea is if you tell me yes, Judge, I violated my probation and tell me you pled guilty or I am guilty of taking the needles and by telling me you actually did take them. That is the only way I can accept your guilty plea to this.

I am not going to let you tell me you pled guilty, but I really didn't do it. Then I have to have a full hearing to decide whether you did or not. Make up your mind.

If you feel you didn't do it, then you should have the hearing. If you tell me yes, I really took those three syringe needles, then I will be willing to discuss further a plea of guilty to the charge of violating your probation. Do you want to talk to him further?

MR. WILKINSON [Counsel for defense]: No. I think he knows what he wants to do.

MR. CANGELOSI: Take the hearing.

THE COURT: What?

MR. CANGELOSI: Take the hearing.

MR. WILKINSON: He is going to ask for a hearing.

THE COURT: I think he ought to.

\* \* \*

THE COURT: At a hearing you will have an opportunity to— even though you pled guilty doesn't mean you are guilty to that charge. I have to decide whether or not on the facts I feel you are guilty.

\* \* \*

Maybe the witnesses the State brings in here can't really show me you did it and if they can't show me you did it, then I am not going to find you did it."

The revocation hearing was held in Du Page County on October 12, 1976. At the outset, the court noted that defendant's failure to appear for a scheduled appearance on September 13, 1976, in itself was a violation of a condition of his probation. The State called three witnesses to prove the theft violation.

Irma Giggets testified that on July 10, 1976, she was a nurse employed by Michael Reese Hospital. At about 11:30 a.m. she was on duty in the emergency·room when defendant came in with a girl who was ill and had passed out. The two remained for 30 to 45 minutes but decided to leave without receiving treatment. They were about to leave when defendant returned for a blanket he had left behind. Ms. Giggets saw defendant go

into a small room and followed him. As she stood in the doorway, she could see the defendant take several syringes out of a locked cabinet. After defendant left the room, she asked him to sign a release to which he agreed. She then told a clerk to call security because she had seen defendant take some syringes. When the security men arrived, she told them to check the suspect, whereupon the guards recovered several syringes from his pants.

James Ostrander testified that he was a security officer at Michael Reese Hospital on the day in question. At about 11:30, he and his partner, Officer Campagne, received a dispatch call to proceed to the emergency area regarding a theft of syringes by a "white subject wearing a white T-shirt and blue jeans." When he arrived at the floor he saw a subject who fit the description and it appeared that the syringes were underneath his belt buckle. He confiscated two syringes and brought defendant to the security office. There they found another syringe on the defendant's person. The police were called and the defendant was charged with theft.

Officer Campagne testified he was Ostrander's partner on July 10, 1976, and basically corroborated Officer Ostrander's version of the events. He further added that he was present at the Cook County trial and stated the defendant pleaded guilty and was fined $50.

The defendant testified that on July 10, 1976, he was attending a rock concert at White Sox Park. At about 11:15 a.m. his date passed out and paramedics took her to Michael Reese Hospital. He rode to the hospital with her in an ambulance. After they had been on the emergency floor a short time, his date told him that she wanted to leave. A nurse told him that he would have to sign papers, and as he neared the door of the room, his date handed him the syringes. He placed the syringes in his pants. He then picked up his blanket, while his date signed the papers. While they waited for an elevator, the security guards arrived and found the syringes in defendant's pants. He was then arrested.

Defendant further testified that when he appeared in Cook County on the theft charge, he was not represented by counsel nor did he recall being admonished before entering a plea of guilty. He also stated that on a prior appearance in Cook County he spoke with Officer Campagne. He had offered to reimburse the hospital for the syringes but denied he took them.

After argument by counsel, the court stated:

"I am going to find from the evidence that the defendant has violated a condition of his probation; to-wit: The theft of three syringe needles from Michael Reese Hospital in July of 1976, which was during the term of his probation, and I will now conduct a sentence hearing."

Defendant was sentenced to a term of one to three years for the attempt burglary and three to nine years for the burglary conviction, the sentences to run concurrently.

On January 24, 1977, the defendant filed his petition for post-conviction relief with the clerk of the circuit court of Cook County and a supplemental petition on June 7, 1977. Defendant alleges that his constitutional rights were violated in three ways: (1) he was deprived of his right to counsel since no attorney was appointed to represent him when charged with an offense punishable by up to a year in jail; (2) his plea of guilty was induced by an unkept promise in that he had informed the Assistant State's Attorney in Cook County that he feared that his plea of guilty would violate his Du Page County probation; that his case was held until she could check with Du Page County, and having verified the probation, the Assistant State's Attorney and defendant agreed "that if my plea would not be considered a probation violation, I would plead guilty in return for a sentence of $45 and $5"; that the same theft charge was the sole basis for the violation of probation finding in Du Page County, and this breached the agreement made in Cook County; and (3) he was denied due process since the record of his guilty plea does not affirmatively show a knowing and voluntary waiver of any of his rights nor any admonishments from the trial court in violation of Supreme Court Rule 402. Ill. Rev. Stat. 1975, ch. 110A, par. 402.

A hearing on the petition for post-conviction relief was held on July 7, 1977. The State questioned the jurisdiction of the court since the petition had not been filed within four months of the misdemeanor conviction as required by *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164. Defendant then also argued that even if the court did not have jurisdiction over the matter as a post-conviction petition, the court would have jurisdiction pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) The court did not decide the merits of defendant's latter argument but decided that jurisdiction existed when the "totality of the facts" was weighed.

Following arguments, the court found that the court in Du Page County did not rely on the plea but based its finding of probation violation on the evidence of the theft as proven at the hearing. The court found no basis for relief from the instant conviction and denied the petition. It is from this denial that defendant appeals.

OPINION

■■ There is a threshold question regarding the jurisdiction of the trial court to hear the petition for post-conviction relief. The petitioner has pleaded guilty to a misdemeanor charge. The Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, pars. 122—1 through 122—7), which

governs the availability of relief, is specifically limited to relief from convictions of felonies. (*People v. Dale* (1950), 406 Ill. 238, 246, 92 N.E.2d 761, overruled in part on other grounds in *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164; *People v. Davis* (1973), 54 Ill. 2d 494, 298 N.E.2d 161.) The statute has been expanded by the decision in *People v. Warr* to include relief from convictions of misdemeanors with certain limitations. One of these limitations is that the proceeding must be commenced within four months of rendition of the final judgment if it was entered on a plea of guilty, as is the case here. Petitioner did not file his petition until nearly five months after his plea of guilty in Cook County. However, we do not consider this delay to be a bar to relief. Petitioner could not have been aware that the promise allegedly made as part of the plea bargain might be breached until October 21, 1976, when the theft charge was used to revoke his probation. Under these circumstances, petitioner should not be bound by the strict time limits of *People v. Warr*, since his constitutional claim may not have existed until long after the rendition of judgment. We feel that in light of this, the petition filed January 24, 1977, was timely and that the court properly reviewed the post-conviction petition. We now consider the merits of petitioner's claims and will address his first and third contentions and then his second contention.

## I.

Petitioner's first contention is that since he was charged with a crime which provided for up to a year's imprisonment, he was entitled to be represented by counsel. He relies on *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, to support this claim. This precise issue has been decided by the Illinois Supreme Court in the negative. *People v. Scott* (1977), 68 Ill. 2d 269, 369 N.E.2d 881, *cert. granted* (1978), 436 U.S. 925, 56 L. Ed. 2d 767, 98 S. Ct. 2817.

*Argersinger* held that:

> "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." (407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012.)

Applying this holding to the facts of *Scott*, which also involved a theft conviction and a $50 fine, the Illinois Supreme Court decided:

> "We are not inclined to extend *Argersinger* and *Morrissey* merely because a defendant is charged with a statutory offense which provides for various sentencing alternatives upon conviction." 68 Ill. 2d 269, 272.

We feel that *Scott* clearly states the law on this point and is dispositive of the petitioner's first contention.

■■ Defendant cites *People v. Placek* (1976), 43 Ill. App. 3d 818, 357 N.E.2d 660, as holding that *Argersinger* applies when either the direct or collateral consequences of an uncounseled misdemeanor conviction relate to loss of liberty or imprisonment. That case involved the possible effect of a prior uncounseled conviction upon the sentence imposed for a later conviction of theft. The court there felt that defendant had not made a sufficient showing that the prior conviction was used in aggravation of the sentence imposed. The same could be said here with greater certainty. The sentence here was for the burglary and attempt burglary committed several years earlier. The theft which constituted the violation of probation had been proved up separately, and the revocation of probation and subsequent imprisonment could not be a collateral consequence of the plea. Rather, they were the result of the evidence introduced at the hearing. Even if there had been no plea, there was enough evidence to show guilt by a preponderance, as is required in a probation revocation hearing (*People v. Crowell* (1973), 53 Ill. 2d 447, 451, 292 N.E.2d 721), and petitioner would have been imprisoned. The plea of guilty would not cause the sentence imposed to be greater than if no plea had been entered in this case. Any possible harm caused by the court's awareness of the plea would be harmless beyond a reasonable doubt. A proper conviction is not retroactively invalidated because it may have a collateral effect in the future. For the foregoing reasons we find that petitioner was not denied his right to counsel.

## II.

Defendant's third contention is that he was deprived of due process of law because the record does not affirmatively show that he knowingly and voluntarily waived his fundamental rights as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and Supreme Court Rule 402(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(e)). There is no allegation in defendant's petition that his guilty plea was not voluntarily and intelligently made or that he did not actually receive admonishments. *Boykin* held that the waiver of constitutional rights which takes place when a plea of guilty is entered in a state criminal trial could not be presumed from a silent record and that there was reversible error where the record did not disclose that the defendant voluntarily and understandingly entered a plea of guilty. Supreme Court Rule 402(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 402(e)) requires that:

> "In cases in which the defendant is charged with a crime punishable by imprisonment in the penitentiary, the proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

Petitioner states that the transcript does not affirmatively show his

waiver; however, since he was not charged with a crime "punishable by imprisonment in the penitentiary," by the terms of Supreme Court Rule 402(e), a verbatim transcript need not be part of the record.

■■ There remains a question of whether any admonishments were actually given before defendant's plea. The record itself is devoid of any indication of admonishment or intelligent waiver of rights by petitioner, and this would seem to violate defendant's constitutional rights as stated in *Boykin v. Alabama*. Defendant does not allege that he did not in fact receive admonishments or that his plea was involuntary because of this. In his supplemental petition and a supporting affidavit, defendant states that an off-the-record discussion preceded his plea of guilty. This is supported by the transcript we have before us. This indicates that other proceedings in this case were had before the transcribed portion. Defendant's description of the off-the-record discussion contained in his affidavit is limited to the following:

> "At approximately 12:30 p.m. the case was called again. I believe the judge said he wanted a discussion off the record. Such a discussion then took place. Ms. Nowicki [Assistant State's Attorney] told the judge that she had verified that I was on probation and that the plea bargain was that I would plead guilty in return for a sentence of $45 and $5.
>
> My plea of guilty was then accepted and the judge's order was entered."

In the absence of a verbatim transcript of the discussion preceding the acceptance of his plea, defendant could have prepared a proposed report of the proceedings according to Supreme Court Rule 323(c). (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c).) Petitioner has the responsibility either to present a sufficient record on appeal to show noncompliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402) or be bound by what the limited record discloses. (*People v. Kline* (1974), 16 Ill. App. 3d 1017, 307 N.E.2d 398, *aff'd* (1975), 60 Ill. 2d 246, 326 N.E.2d 395, *cert. denied* (1975), 423 U.S. 907, 46 L. Ed. 2d 136, 96 S. Ct. 209; *People v. Long* (1975), 27 Ill. App. 3d 457, 326 N.E.2d 204.) We are limited in this appeal to a review of the transcript and the defendant's allegations.

Failure to comply with Supreme Court Rule 402 is not in and of itself sufficient reason for granting relief in a post-conviction proceeding. The issue is not merely compliance with the rule but whether the defendant's plea under all the circumstances, including that revealed by the record made at the time of the entry of his plea, demonstrates that the plea was not intelligently and voluntarily made. (See *People v. Turner* (1975), 25 Ill. App. 3d 847, 323 N.E.2d 371; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) The burden is on the petitioner to establish by

allegations and competent proof that he was deprived of a substantial constitutional right. (*People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34; *People v. Cole* (1975), 34 Ill. App. 3d 752, 340 N.E.2d 209.) Since petitioner does not contend that he did not actually receive admonishments or that his plea was involuntary because of this, we find that he has failed to allege sufficient facts to show a violation of his constitutional rights. Denial of his petition on this issue was proper.

### III.

■ The second constitutional violation that petitioner alleges is: "that he was denied due process of law because his plea of guilty was induced by a promise that his probation in Du Page County would not be violated and said promise was not kept." It is unclear whether the agreement was that the theft charge would not be used to violate probation or whether the guilty plea would not be used to prove the crime of theft. The finding of the trial court that the Du Page County court did not rely on the plea but rather on the evidence of theft to find probation violation is undoubtedly correct. However, we feel that this fine distinction may be meaningless to a defendant, especially one who is not represented by counsel at the time of the bargain.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States* (1962), 368 U.S. 487, 493, 7 L. Ed. 2d 473, 478, 82 S. Ct. 510, 513; *People v. Washington* (1967), 38 Ill. 2d 446, 450, 232 N.E.2d 738.

Defendant's allegations regarding the plea bargain are not refuted by the State. If such a bargain was in fact made, it would seem that defendant would consider the promise to be that his probation would not be revoked because of the theft incident. The fine imposed would be insignificant to him, as long as he was assured that his probation would not be violated. Clearly such a bargain would induce a plea of guilty. It would make little sense to plead guilty provided the plea itself would not be used, knowing that probation could be revoked by other proof of the theft by a preponderance of the evidence. It makes little difference whether petitioner was mistaken as to the terms of the agreement or whether the Assistant State's Attorney breached the agreement. In either event the plea would not be voluntarily and intelligently made.

■ Where a claim of substantial constitutional denial is based on matters beyond the record, it is contemplated that evidence should be taken. (*People v. Sigafus* (1968), 39 Ill. 2d 68, 233 N.E.2d 386; *People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697.) Defendant has adequately alleged a violation of his constitutional rights, which is not refuted by the State or

the record. He is therefore entitled to an evidentiary hearing on the truth or falsity of his allegations. If they are true, petitioner would be entitled to have his plea of guilty in the instant case vacated and have a trial on the theft charge.

For this reason, we reverse the order which dismissed the petition for post-conviction relief, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.