THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GUY STRAIT, Defendant-Appellant.

Second District   No. 81—226

Opinion filed November 22, 1982.

Mary Robinson and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Winnebago County denying his petition for post-conviction relief. The petition requested that his guilty plea be vacated and the indictment on which the plea was based be dismissed on double jeopardy grounds. The sole issue on appeal is whether the petition was improperly denied.

Defendant was previously prosecuted for the crime of indecent liberties with a child, found guilty after a bench trial, and sentenced to a term of imprisonment of 10 to 20 years. The conviction was reversed by this court on appeal because the information on which it was based failed to allege facts which would toll the statute of limitations. In that proceeding, defendant also challenged the sufficiency of the evidence against him, claiming he was not proved guilty beyond a rea-

sonable doubt. The reasonable doubt issue was noted but not reached by this court. (*People v. Strait* (1977), 52 Ill. App. 3d 599, 367 N.E.2d 768.) The State appealed the appellate court's reversal to the Illinois Supreme Court, and defendant again challenged the sufficiency of the evidence in that court. However, on motion of the State, this argument was stricken from defendant's brief on the ground that it was not considered in the appellate court. The supreme court subsequently affirmed the reversal of defendant's conviction. *People v. Strait* (1978), 72 Ill. 2d 503, 381 N.E.2d 692.

Following reversal, another indictment was returned charging defendant with the same offense based on the same conduct as that in the first prosecution. This indictment alleged certain limitation-tolling facts.

Defendant moved to dismiss the charge on due process and double jeopardy grounds, claiming that reprosecution was barred because he never received appellate review of the sufficiency of the evidence in the first trial. (See *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) He did not, however, reassert his claim that he was not proven guilty beyond a reasonable doubt in the original prosecution of the cause. In denying the motion, the trial court noted the reversal was obtained because of a defective information. Thus, the court determined that the case should be treated the same as a retrial following a reversal for trial errors not based on the sufficiency of the evidence. (See *United States v. Ball* (1896), 163 U.S. 662, 41 L. Ed. 300, 16 S. Ct. 1192.) The court accordingly held that reprosecution did not violate double jeopardy principles.

Defendant subsequently entered a negotiated plea of guilty to the renewed charge. After the factual basis of the charge was recited, and defendant was admonished, the trial court accepted the guilty plea and sentenced defendant to 8½ years of imprisonment pursuant to the plea agreement. No motion to withdraw the plea was filed, nor was a direct appeal taken pursuant to Supreme Court Rules 604(d) and 605(b) (87 Ill. 2d R. 604(d) and 605(b)).

Defendant filed *pro se* a petition for post-conviction relief approximately 10 months later. The petition again alleged that reprosecution was barred on double jeopardy grounds because he was denied appellate review of his reasonable doubt claim in the original proceedings. He did not allege that he was not proven guilty beyond a reasonable doubt in the first trial. The petition was denied by the trial court, and the instant appeal followed.

■ The sole issue raised by the defendant is whether reprosecution is barred on double jeopardy grounds when defendant has not re-

ceived appellate review of a reasonable doubt claim raised in the original prosecution of the cause. The State advances several arguments to support their position that reprosecution in the instant case is not barred. We will not address these arguments since, in our opinion, defendant has not raised a claim which is cognizable in a post-conviction petition.

Under the Post-Conviction Hearing Act, we are limited to considering only matters raised in the post-conviction petition which are of constitutional dimension. (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq*.) (*People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420; *People v. Vail* (1970), 46 Ill. 2d 589, 264 N.E.2d 201.) A violation of a statute or rule of procedure which does not constitute a deprivation of constitutional rights may not be considered. (*Robinson; People v. Masterson* (1970), 45 Ill. 2d 499, 259 N.E.2d 794, *cert. denied* (1971), 401 U.S. 915, 27 L. Ed. 2d 815, 91 S. Ct. 892; *People v. Hangsleben* (1969), 43 Ill. 2d 236, 252 N.E.2d 545, *cert. denied* (1970), 397 U.S. 1048, 25 L. Ed. 2d 661, 90 S. Ct. 1379; *People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.) For the reasons that follow, we believe defendant has alleged in his petition the violation of a rule of procedure not amounting to a deprivation of his constitutional rights. Defendant relies upon *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141, and *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, as authority for his position that a failure to review the evidence adduced at the first trial bars reprosecution of the defendant for the same offense. We do not believe these cases support the argument advanced by defendant here.

■ In *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141, the United States Supreme Court held that the double jeopardy clause of the fifth amendment precludes a second trial when conviction in the first trial is reversed for lack of sufficient evidence. Equating such reversal with an acquittal, the court also held that under these circumstances a defendant's double jeopardy rights are not waived by virtue of the fact that a new trial is sought as one of defendant's remedies, or even as the sole remedy. The court stated:

> "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials." (437 U.S. 1, 11, 57 L. Ed. 2d 1, 9, 98 S. Ct. 2141, 2147.)

The *Burks* case, while expressing concern over double jeopardy prob-

lems upon retrial, did not require a reviewing court to pass upon the sufficiency of the evidence whenever that claim is raised on appeal. Further, the reversal of defendant Strait's original conviction was not based upon a finding of insufficient evidence and, thus, *Burks* is inapposite to the case at bar.

In *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, defendant's convictions were reversed by the appellate court because of a *Miranda* violation. In accordance with established Illinois law, the appellate court found no need to consider a reasonable doubt claim which was also raised by the defendant on appeal. (See *People v. Thomas* (1978), 58 Ill. App. 3d 460, 374 N.E.2d 795, 798; *People v. Monaghan* (1976), 40 Ill. App. 3d 322, 352 N.E.2d 295, 296; *People v. Cook* (1965), 33 Ill. 2d 363, 211 N.E.2d 374, 378; *People v. Ruffin* (1950), 406 Ill. 437, 94 N.E.2d 433, 436.) Relying upon *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141, the Illinois Supreme Court found error in the appellate court's failure to review the sufficiency of the evidence, stating that such a procedure "risks subjecting the defendant to double jeopardy" upon retrial. (76 Ill. 2d 289, 309, 391 N.E.2d 366, 375.) The court subsequently reviewed the evidence against defendant Taylor and determined that it was sufficient to support his conviction. Thus, while the court found error in the procedure previously employed by the appellate courts of this State, such error was not reversible error under the circumstances of that case. It is evident from a review of cases decided after *Taylor* that appellate review of a defendant's reasonable doubt claim is now mandated whenever a conviction is reversed and the case remanded on other grounds. See, *e.g., People v. Marsico* (1981), 100 Ill. App. 3d 691, 427 N.E.2d 351, 353; *People v. Andino* (1981), 99 Ill. App. 3d 952, 425 N.E.2d 1333, 1337; *People v. Earl* (1980), 89 Ill. App. 3d 980, 412 N.E.2d 645, 648; *People v. Thompson* (1979), 75 Ill. App. 3d 901, 394 N.E.2d 422, 426.

We note that in *Taylor* and in subsequent cases the sufficiency of the evidence was ultimately reviewed by the court before the case was remanded for a new trial. Thus, we have discovered no cases discussing the constitutional ramifications of a failure to review the evidence prior to remand. The defendant argues that under *Taylor*, a failure to review the evidence in the first trial absolutely bars retrial, regardless of whether that evidence was, in fact, insufficient to establish guilt. Without commenting on the retroactive application of *Taylor*, we do not view *Taylor* as setting forth an absolute rule that the failure to review a reasonable doubt claim in and of itself violates the double jeopardy clause. It is evident that the rule in *Taylor* is a pro-

phylactic one designed to ensure that the State does not receive a second opportunity to convict a defendant who should have been acquitted in the first trial for lack of sufficient evidence. (See *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141.) It does not follow from this, however, that a double jeopardy violation necessarily results from a failure to review the evidence in the first trial. That evidence may well have been sufficient to convict, even though it was not reviewed by the court. (See, *e.g., Taylor*.) We hold, therefore, that a claim of error based upon a failure to review the evidence alleges merely the noncompliance with a rule of appellate procedure affecting the scope of review which, of itself, does not rise to constitutional dimensions. See *People v. Weathers* (1980), 83 Ill. App. 3d 451, 404 N.E.2d 1011; *People v. Cangelosi* (1979), 68 Ill. App. 3d 489, 386 N.E.2d 295; *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420; *People v. Sanford* (1978), 57 Ill. App. 3d 599, 373 N.E.2d 654; *People v. Turner* (1975), 25 Ill. App. 3d 847, 323 N.E.2d 371.

In his post-conviction petition, defendant alleges only a noncompliance with the procedural rule adopted in *Taylor*. He fails to allege that the evidence in the first trial was in fact insufficient, and he even urges this court not to review that evidence in this post-conviction proceeding. The burden is on the defendant to establish by allegations and competent proof that he was deprived of a substantial constitutional right. (*People v. Newberry* (1973), 55 Ill. 2d 74, 302 N.E.2d 34; *People v. Cangelosi* (1979), 68 Ill. App. 3d 489, 386 N.E.2d 295; *People v. Cole* (1975), 34 Ill. App. 3d 752, 340 N.E.2d 209.) Merely alleging that the error constituted a constitutional violation "does not elevate these errors to constitutional status, qualifying them for review under the Post-Conviction Hearing Act." (*People v. Roberts* (1979), 75 Ill. 2d 1, 9-10, 387 N.E.2d 331, 335; *People v. Clark* (1980), 84 Ill. App. 3d 186, 405 N.E.2d 450, 452.) Since defendant does not contend that the State in fact received a second opportunity to gather evidence which it "failed to muster" in the first trial, we find that he has failed to allege sufficient facts to show a violation of his constitutional rights. Accordingly, denial of his petition on this issue was proper.

The order of the circuit court of Winnebago County is affirmed.

Affirmed.

SEIDENFELD, P.J., and LINDBERG, J., concur.