(No. 25237.—)
THE PEOPLE *ex rel.* Charles Novotny *et al.* Appellants, *vs.*
EDMUND K. JARECKI, Appellee.

*Opinion filed October 13, 1939.*

GEORGE A. BRAUTIGAM, and JAMES J. MEJDA, for appellants.

WINSTON, STRAWN & SHAW, (JOHN D. BLACK, PAUL H. MOORE, and CHARLES J. CALDERINI, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:
This is an appeal from a final order of the circuit court of Cook county dismissing a petition for *mandamus,* which had been filed in that court, seeking to require the respondent to expunge a certain order which will be mentioned later. The appeal direct to this court is based upon a finding by the trial court that "An act to establish and maintain parks and parkways in towns and townships," approved May 29, 1911, (Laws of 1911, p. 454; Ill. Rev. Stat. 1937, chap. 105, par. 310, *et seq.*;) is unconstitutional and void.

On November 28, 1938, a petition was filed in the county court of Cook county whereby it was sought to organize certain territory therein described as South West Towns Community Park District, which action was taken pursuant to the statute. (Ill. Rev. Stat. 1937, chap. 105, par. 256 *et seq.*) On that date the respondent approved the petition and ordered that an election be held on December 29, 1938, pursuant to the provisions of the act. On December 27, 1938, two days before the date fixed for the election, the appellants presented to the respondent, as county judge, a petition for the appointment of a board of park commissioners of the township of Stickney, pursuant to the provisions of the act of 1911. (Id. par. 310, *et seq.*) This act, which is the one held void by the trial court, provides for the establishment of parks in towns or townships within whose limits there is not at the time a board of park commissioners. The prescribed procedure is, in substance, that fifty legal voters may petition the county judge to appoint a board of park commissioners and that the county judge shall thereupon make and enter an order appointing three citizens of the township to constitute such a board of commissioners, but no such appointment shall be made of any citizen unless upon petition of not less than fifty legal voters of the district requesting such appointment. The act consists of nine sections, but its details are not otherwise material.

When this petition was presented to the respondent he was not then aware, nor was there anything in the petition to inform him, that the territory described in it to some extent overlapped that which was concerned in his previous order calling an election for the organization of South West Towns Community Park District. On its face it appeared to be regular and to comply with the statute. The respondent, as county judge, thereupon entered an order pursuant to that statute establishing a board of township park commissioners for the township of Stickney, county of Cook

and State of Illinois, and decreeing the appellants Robert W. Loeffler, Frank A. Mejda and Charles Novotny duly appointed as park commissioners. Less than thirty days from that date, on January 19, 1939, it came to the knowledge of Judge Jarecki that his order of December 27 covered territory which overlapped that which was described in the original petition filed with him, upon which there had been an election December 29, 1938, and he thereupon, of his own motion, set aside his order appointing the appellants as park commissioners and establishing the township park district, and the proceeding which we are now reviewing is an action of *mandamus* filed in the circuit court of Cook county, wherein it was sought to compel the respondent to expunge his order whereby he vacated his prior order establishing the township park district. The circuit court held that the act concerning township park districts above mentioned was unconstitutional, and dismissed the petition for *mandamus*.

The appellants direct their argument to an effort to sustain the constitutionality of this act, but it is the established rule of this court that a constitutional question will not be considered if the case can be decided without doing so. *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620; *McEniry* v. *Tri-City Railway Co.* 254 id. 99; *People* v. *Adams,* 351 id. 79.

The action of respondent in vacating his order of December 27, 1938, was taken within thirty days of the entry of that order and during that time he had the judicial power and discretion to do so. (Ill. Rev. Stat. 1937, chap. 77, par. 83.) It is conceded that *mandamus* cannot be used to serve the purpose of a writ of error or an appeal, but the appellants contend that the action of the respondent in entering his order establishing the township park district was not a judicial act, but was purely ministerial, in a matter in which he had no discretion and one which might as well have been directed to any other person or official.

The opposite of this position has long been established in this State. The case of *Heaney* v. *North East Park District*, 360 Ill. 254, is the last of a long series of cases which are therein cited which hold that the functions of the county judge in the establishment of a park district are judicial in nature and can be reviewed only in such manner as may be provided by statute. When the appellants insist that the respondent was not exercising any judicial function but that his actions were purely ministerial and mandatory, they are obviously ignoring the nature of those duties. He had determined, and we apprehend might have required proof, that the signatures presented to him were genuine and that they were the signatures of actual legal voters. He had to determine that they were actual residents of the territory to be affected; that the district described, and the form of petition, complied with the requirements of the statute, and in some way judicially to determine that there were no existing park commissioners within the territory described. He might have decided, as the circuit court did, that the act itself was unconstitutional, and refused to act on that ground. He might, within the thirty day period, have come to the conclusion that the act was unconstitutional, and vacated his previous order for that reason. He might, within the thirty day period, have come to the conclusion he had been without jurisdiction to enter the previous order because of the pendency of the prior petition, and in this he would have been supported in his judicial judgment by such cases as *Maulding* v. *Skillet Fork Drainage District*, 313 Ill. 216, and many other cases.

Whatever his reason for acting may have been, he was performing a judicial function when he entered his order of December 27, establishing the township park district, and his order of January 19, 1939, which vacated that order. These judicial acts cannot be reviewed by *mandamus* and the judgment of the circuit court is affirmed.

*Judgment affirmed.*