(No. 37471.—

*In re* ESTATE OF ROSE M. ERSCH.—(CAESAR KEONIG, Successor Attorney in Fact, *et al.,* Appellees, *vs.* SONJA WOOD *et al.,* Appellants.)

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

ROBERT H. SNOW, of Chicago, for appellants.

KOENIG & KOENIG and STANLEY WERDELL, both of Chicago, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This case presents a direct appeal by appellants from a supplemental order finding heirship entered of record in the probate court of Cook County. We agree that a constitutional question is involved, thus giving us jurisdiction.

Rose M. Ersch died intestate September 2, 1955. On September 19, 1955, a declaration of heirship was entered finding John Kanik, decedent's brother, to be her sole heir. John Kanik subsequently died, and, on December 18, 1959, a supplemental declaration of heirship was entered showing Sonja Wood and Margaret Reichardt, appellants herein, and Walter C. Kanik, all of whom are children of John Kanik, to be the only heirs of Rose M. Ersch.

On June 23, 1960, Caesar C. Koenig, appellee herein, and successor to the Polish Consul General at Chicago as attorney-in-fact for certain citizens and residents of the Polish People's Republic, served and filed notice of a motion "that testimony be taken of Czeslaw F. Koenig for amending proof of heirship in this estate matter in accordance with an affidavit, copy of which is attached herewith, and the original being approved by Judge Robert Jerome Dunne." This notice directed the parties to appear before "Robert A. Sweeney, Assistant Probate Judge," for hearing upon the motion. Robert A. Sweeney was a deputy probate clerk apparently serving as a referee under Rule 27 of the Cook County probate court although no order of reference appears. Appellants filed objections to the motion, and hearings were had thereon, at which Caesar Koenig presented testimony of Czeslaw F. Koenig and documentary evidence, all of which was denied admission by deputy clerk Sweeney who suggested that the only competent method of proof was by depositions. September 27, 1961, hearings resumed before the deputy clerk continuing intermittently through April 17, 1962, during which the testimony of Czeslaw Koenig and copies of various foreign birth, death and marriage records were admitted. At the conclusion of this series of hearings, Sweeney stated that "it is the finding

of the Court * * * that the petitioner's request for an amendment to the heirship, per his request, is hereby granted." There then followed a discussion between the "court" and counsel from which it clearly appears that everyone understood Sweeney to have heard the matter in a capacity similar to a master in chancery or referee, and that the testimony would be transcribed and presented, together with his recommendations and a proposed order, to the probate judge.

On May 7, 1962, an unsigned order was presented to referee Sweeney amending the declaration of heirship by finding that decedent left surviving her a sister, Maria Kanik, entitled to one sixth of the estate; Elzbieta Helena Baganc, a half sister and Robert Franciszek Bernas and Leopold Feliks Bernas, half brothers, each entitled to one sixth; Jan Stanislaw Kanik and Maria Bak, a nephew and niece entitled to one twelfth each; and Walter C. Kanik, Sonja Wood and Margaret Reichardt, nieces and nephews entitled to one eighteenth each. This order was entered of record, apparently upon approval of the referee. The net effect of this order upon appellants is to reduce their share of the estate from one third each to one eighteenth each.

On May 10, appellants Wood and Reichardt presented to the probate judge a petition requesting that he consider the purported order of May 7 as a report of a referee and asking leave to file objections thereto. This was denied. On June 5 the same parties presented to the judge motions to vacate the purported order of May 7, and set the matter for rehearing on grounds of constitutional violations and trial errors. These were referred by the judge to deputy clerk Sweeney under an order of reference entered that day. Counsel for appellants refused to proceed except on the basis of the results of the hearing being presented to the judge as the recommendations of a referee, and the motions were then denied by written order signed on June 6 by Sweeney. On June 15 appellants petitioned the judge to

vacate the purported order of June 6; this was denied by order that day entered and this appeal from the purported orders of May 7 and June 6 and the orders of May 10 and June 15 followed.

Appellants urge that the proceedings constituted an unconstitutional delegation of judicial authority and a deprivation of property without due process. No formal order of reference appears in the record, but it does appear that the parties and Sweeney were initially under the impression that the hearings were being held before him pursuant to Rule 27 "or some similar procedure." While neither party has incorporated Rule 27 in the record or briefs, and no comment upon its inception or history is made, we may take judicial note of it. (Ill. Rev. Stat. 1961, chap. 51, par. 48b.) In essence it incorporates the provisions of the statute authorizing the appointment of referees by probate courts in counties of the third class. (Ill. Rev. Stat. 1961, chap. 117, par. 5.) The pertinent portion of this paragraph provides a referee so appointed "shall have authority to take testimony in such cause or proceedings and report the same in writing, together with his conclusions of law and fact to the court, and the court shall have power to render and enter a proper judgment order or decree upon such report; provided, either party may except to such report and have his exception heard and determined by the court." The first sentence of the 4th paragraph of Rule 27 commences: "Whenever a reference is made to a referee to take testimony and report the same with or without his conclusions thereon * * *." The language used in both the statute and rule clearly limit the referee's authority to hearing the proceedings and submitting a report thereof "with or without" conclusions and both contemplate an opportunity for objections thereto to be passed upon by the judge.

While we agree that the constitutional questions arising from the procedure followed in this case are sufficient to warrant a direct appeal, we do not deem it essential to de-

cide such questions in order to adequately dispose of the problem presented. It is the established rule of this court that a constitutional question will not be considered if the case can be decided without doing so. *People* v. *Chiafreddo,* 381 Ill. 214, 218-9; *People ex rel. Novotny* v. *Jarecki,* 372 Ill. 208; *People* v. *Adams,* 351 Ill. 79.

No question is here raised as to the validity of the statute authorizing the appointment of referees or of the rule adopted pursuant thereto. When acting within the scope of the statute and rule, the referee is obviously not exceeding constitutional limitations. (*Leigh* v. *Laughlin,* 222 Ill. 265.) The gravamen of appellants' complaint is that the procedural requirements of the statute, and of Rule 27, were not complied with. They correctly contend that the testimony taken by the referee should have been reported to the court, with or without his conclusions, and that the court, after any exceptions of the parties were heard, should have entered such judgment or decree as the judge deemed proper.

In failing to comply with these procedural requirements of the statute and Rule 27, the trial court committed reversible error, and appellants are entitled upon remandment, in the event the cause is again referred, to a compliance with the orderly procedure specified by the statute and rule.

The parties have also abstracted, briefed and argued certain evidentiary questions. Since this case must be remanded, and since these questions will again be presented, we shall comment thereon. *People* v. *Adams,* 25 Ill.2d 568, 573.

Additional allegations of error involve the sufficiency of the foundation laid for the introduction of certain documentary evidence, particularly appellees' exhibits numbers 4 through 22 and number 33, consisting principally of copies of records of births, deaths and marriages occurring in Poland. Appellants contend the authentication of these

records is lacking in that there is no showing of a duty on the part of the certifying officer to maintain such records. The correctness of these exhibits, as copies of the originals, is attested by the chief of the office of Vital Statistics at Bielsko-Biala, Municipal County of Bielsko-Biala, Voivodship of Katowice of the Polish People's Republic who certifies that he is the keeper of the records of vital statistics at the city of Bielsko-Biala, and that "the foregoing document is a true, perfect and complete copy of the record kept in the said office." There also appears the certificate of the chairman of the presidium for the voivodship that the named chief of the office of Vital Statistics signed and sealed the document; the senior counselor of the Ministry of Foreign Affairs certifies the authenticity of the chairman's signature and seal, and the American consul at Warsaw certifies the chief of the office of Vital Statistics was such, and "had legal custody of the records of marriage in said archives."

These authentications, when coupled with the testimony of the witnesses as to the manner in which these records came into the custody of the certifying officer, are, in our judgment, sufficient to warrant their admission into evidence. (*People ex rel. Wenzel* v. *Chicago and Northwestern Railway Company*, 28 Ill.2d 205; 5 Wigmore on Evidence, 3rd ed., sec. 1632, *et sub.*) This court recognizes the common-law exception to the hearsay rule, and, as we said in Wenzel (p. 212): "* * * records kept by persons in public office, which they are required either by statute or *the nature of their office* to maintain in connection with the performance of their official duties, are admissible in evidence and are evidence of those matters which are properly required to be maintained and recorded therein." (Emphasis supplied.)

Appellants urge that the testimony of Czeslaw Koenig, one of the attorneys of record for appellees, is entitled to little weight. While we have repeatedly criticized an at-

torney who, in the absence of unanticipated trial developments, undertakes to represent his client and also supply testimony supporting the client's claim (*Jonas* v. *Meyers*, 410 Ill. 213; *McKey* v. *McKean*, 384 Ill. 112), we recognize that the attorney first sought and received permission from the probate judge to testify as a witness, and that the conclusions testified to by him were largely apparent from documentary evidence or other testimony.

Appellants also contend appellees' exhibit number 33 was pure hearsay and inadmissible. It is translated as follows: "The Presidium of the National Council of the City of Bielski-Biala certify hereby, that the locality L I P N I K, county Bielsko-Biala was in the year 1939 anected by the German occupations forces into the 'Reich' and named 'Kunsendorf'. After the liberation in February 1945 the Polish Authorities have restored the formerly name L I P N I K. This was issue on the ground of general acts of law." This document bore the seal of the National Council of the city, and was signed by the chief of the division of Internal Affairs. The authenticity of the signature, seal and the contents of the certificate were further certified to by the chief of the division of Internal Affairs of the Presidium of the National Council of the Province of Katowice, and the ministry of Foreign Affairs certified to the authenticity of the signature and seal of the division chief. This was accompanied by legalization by the United States consul at Warsaw, and the statement of the Polish consul in Chicago that the authentication was in accord with the laws of Poland.

The specific objection to exhibit 33 is that it is not a copy of anything, and that proof of the change should have been made by a certified copy of the law or proclamation accomplishing the change of name. The testimony introduced indicated the occupation of Poland by German and Russian forces during World War II, and we may take judicial notice of that fact as well as the chaotic conditions

accompanying such actions, (*National Zinc Co.* v. *Industrial Com.* 292 Ill. 598, 601; *Dowie* v. *Sutton,* 227 Ill. 183, 193), and the difficulties inherent under such circumstances in following normal evidentiary requirements as to proof of actions taken by the occupying forces. A thorough consideration of all of the proof, including an answer to an interrogatory by one of appellants indicating she was born in Lipnik, in the province of Katowice, the chief of whose internal affairs division is one of the certifying officials, leads us to the conclusion that the trustworthiness of exhibit 33 has been sufficiently shown to justify its admission into evidence.

Additional errors are urged to exist in the admission of certain other exhibits which were originally denied admission because they showed on their face they were "abridged copies"; it is argued that a comparison of supposedly unabridged copies of the same documents, subsequently admitted, with those originally denied admission reveals them to be substantially the same. We believe the documents certified to as complete copies are not rendered inadmissible solely because an examination of them reveals similarities to the rejected abridged copies.

Appellants also contend that appellees are here barred from establishing the status of other heirs, because decedent left real estate, since sold by the administrator, and that the statute (Ill. Rev. Stat. 1961, chap. 6, par. 6,) provides that actions by aliens to recover real estate must be brought within two years; in the alternative, appellants argue that appellees are barred by *laches.* We do not regard this as an action to recover real estate, nor, in our judgment, can appellees be held guilty of *laches* under the circumstances here prevailing.

The judgment of the probate court of Cook County is hereby reversed and this cause remanded with directions to proceed in a manner consistent with this opinion.

*Reversed and remanded.*