THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK MARSICO, d/b/a Starview Drive-In Theatre, Defendant-Appellant.

First District (3rd Division)    No. 79-2406

Opinion filed September 30, 1981.

L. Robert Artoe, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Mark X. Van Cura, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

In a jury trial, defendant, Frank Marsico, was found guilty of obscenity. (Ill. Rev. Stat. 1977, ch. 38, par. 11—20(a)(3).) He was sentenced to one year probation and was fined $500. On appeal defendant argues that (1) the trial court gave an erroneous jury instruction which improperly defined obscenity and (2) he was not proved guilty beyond a reasonable doubt. We reverse and remand.

On July 26, 1978, a movie entitled "Femmes de Sade" was showing at the Starview Drive-In Theatre in Hanover Township, Cook County, Illinois. On that date, some Cook County police officers paid admission to the theatre and viewed the film. After the conclusion of the movie, the film was seized by the officers pursuant to a search warrant, and defendant, who owned and managed the theatre, was arrested.

The film was booked by Patricia Wheeler, a booking agent for independent theatres. The film was released in approximately 1974, and had been shown at numerous theatres in Illinois prior to its showing at the Starview Drive-In. To Wheeler's knowledge, the film had not been the subject of any criminal prosecution.

The State's evidence consisted mainly of the film, which was viewed by the jury. The film depicts explicit acts of sexual intercourse, fellatio, cunnilingus, defecation and urination. The State also introduced the testimony of the Cook County police officers regarding the circumstances surrounding defendant's arrest. Several witnesses for the defense testified that the film had redeeming social value. Witnesses testified that the moral of the film is "good triumphs over evil" and "everyone gets their just desserts in time." One witness testified that nothing in the film would appeal to the prurient interest of the average adult. Another witness testified that no material in the film went beyond other X-rated films.

Besides viewing the film, the jury viewed another film which had been the subject of an obscenity prosecution in March of 1977. In the 1977 case, the jury had found that the defendant was not guilty of obscenity.

Defendant first argues that the trial court committed reversible error in giving a jury instruction which misstated the elements of obscenity. During the conference on instructions, the trial court read the following proposed instruction:

> "A thing is obscene if, considered as a whole, its predominant appeal is to prurient interest. That is a shameful or morbid interest in nudity, sex or excretion, *or* if it goes substantially beyond customary limits of candor in its description or representation of such matters." (Emphasis added.)

Defense counsel objected to this instruction, arguing that it should state *"and* if it goes" rather than *"or* if it goes." The trial court responded that the instruction should not be in the conjunctive and therefore gave the instruction in the disjunctive over defense counsel's objection.

It is clear that the instruction at issue here should have been phrased conjunctively. (See Ill. Rev. Stat. 1977, ch. 38, par. 11—20(b); *People v. Sikora* (1965), 32 Ill. 2d 260, 262, 204 N.E.2d 768, 769-70.) The wording of the statute defining obscene is virtually identical to the instruction here except that the statute uses the word "and" rather than "or." (Ill. Rev. Stat. 1977, ch. 38, par. 11—20(b).) In fact, on appeal the State admits that the definition of obscene should be stated in the conjunctive rather than the disjunctive. The State argues, however, that all of the instructions construed as a whole properly informed the jury regarding the elements of the offense. Specifically, the State argues that the jury was correctly instructed as to the elements of the offense in the following instruction:

> "Under the law three elements must exist. It must be established,

A, that the dominant theme of the material, taken as a whole, appeals to the prurient interest in sex. B, the material is patently offensive because it affronts the contemporary community standards relating to the description or representation of sexual matters. C, the material, taken as a whole is utterly without any redeeming social value."

The State also points to another instruction in which the jury was informed that the term "customary limits of candor" means that the material substantially affronts community standards of the average adult.

■■ We conclude that the other instructions did not cure the error in the instruction at issue. The instruction defining obscene stated the law incorrectly, while the instruction setting forth the necessary elements of the offense correctly stated the elements in the conjunctive. However, the giving of contradictory instructions on essential elements in the case is prejudicial error. (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66, 370 N.E.2d 532, 534; see *People v. Miller* (1949), 403 Ill. 561, 565, 87 N.E.2d 649, 651-52.) Moreover, the error here involved a definition which was essential to the jury's ability to make a legally permissible determination of defendant's guilt or innocence. (*People v. Stromblad* (1978), 74 Ill. 2d 35, 41, 383 N.E.2d 969, 972.) Accordingly, we do not believe that the error was harmless. Therefore, we conclude that defendant is entitled to a new trial.

■■ Defendant also contends that he was not proved guilty of obscenity beyond a reasonable doubt. As mandated by *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375, we must decide this issue even though the case is being remanded for a new trial. Applying the guidelines set forth in *People v. Ridens* (1974), 59 Ill. 2d 362, 321 N.E.2d 264, we conclude that a jury could properly decide that the film is obscene. A jury could conclude that the average person, applying contemporary community standards, would find that the film, taken as a whole, appeals to the prurient interest; that the film depicts sexual conduct and excretion in a patently offensive manner, going substantially beyond the customary limits of candor in such depiction; and that the film is utterly without redeeming social value. (See also *People v. Ward* (1976), 63 Ill. 2d 437, 442, 349 N.E.2d 47, 49, *aff'd* (1977), 431 U.S. 767, 52 L. Ed. 2d 738, 97 S. Ct. 2085; *People v. Gould* (1975), 60 Ill. 2d 159, 164-65, 324 N.E.2d 412, 415.) The case must therefore be remanded for a new trial.

Accordingly, the judgment of the circuit court is reversed, and the case is remanded for a new trial.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.