THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOF SCHUBERT, Defendant-Appellant.

First District (2nd Division)   No. 83—2986

Opinion filed September 10, 1985.

Keefe & Ehemann-Law Center, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Kevin Sweeney, and Kevin J. Cawley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant Christof Schubert was charged by indictment with a violation of the child pornography statute. (Ill. Rev. Stat. 1981, ch. 38, par. 11—20a.) The indictment read, in part, that he exhibited child pornography depicting a child "under the age of sixteen years." Thereafter, defendant was found guilty after a bench trial of the offense of exhibiting child pornography. Motions in arrest of judgment

and for a new trial were denied. Defendant was sentenced to 30 months probation and a $1,000 fine.

Defendant appeals his conviction, contending that certain provisions of the child pornography statute are void for vagueness and unconstitutional as applied to him; that he was not found guilty beyond a reasonable doubt; that the materials upon which his conviction was based were improperly admitted into evidence; and that the indictment with which he was charged was insufficient as a matter of law.

In April 1983, defendant, a member of the Chicago gay community, responded by telephone to an ad in a magazine titled *Gay Chicago* in the hope of trading certain magazines in his possession. The ad had been placed by Gerald Peterman in an attempt to obtain and sell pornographic material. During a telephone conversation, Peterman arranged a meeting with defendant at Peterman's apartment on the afternoon of April 22, 1983.

Peterman, who had assisted the police in past investigations of child pornography, informed youth officer Brian Killacky that defendant had answered the ad and indicated that he had some child pornography for sale. Youth officer Killacky was present in Peterman's apartment on the day of the agreed-upon meeting. Upon defendant's arrival, Peterman admitted him into the apartment and Officer Killacky introduced himself to defendant as Mark Killacky. Defendant identified himself as Carl Georges.

Officer Killacky testified that upon entering the living room, defendant opened a suitcase he was carrying and spread a number of magazines on the living room floor. Officer Killacky and defendant then seated themselves on the floor next to each other. Defendant indicated that he had numerous magazines containing "kiddie porn" and pointed out two magazines in particular that contained child pornography. Defendant described these two magazines as containing "good chicken," a term for young boys.

Defendant then handed the two magazines to Officer Killacky. Upon examination, the officer determined that the two magazines contained depictions of male children under the age of 16, engaging in acts of deviate sexual conduct and lewd behavior. Officer Killacky and defendant then bargained over the price of the two magazines, eventually agreeing on the price of $5. Officer Killacky identified the magazines in question. One was titled, "More Than 7 Inches: a photo study of youths with unusually large penises"; the other was titled, "Salute: Donny!"

Defendant told Officer Killacky that he had several friends who had homemade child pornography, consisting of movies and maga-

zines. Defendant suggested that they meet within the next few days so Officer Killacky could purchase a larger quantity of child pornography. Officer Killacky did not arrest defendant at this time, but made plans to meet defendant at the apartment in three days. On April 25, 1983, defendant arrived at the apartment with two other men. Officer Killacky arrested him.

Defendant also testified. His testimony conflicted with that of Officer Killacky in several material aspects. Defendant stated that when he telephoned Peterman, Peterman asked whether the magazines contained child pornography. Defendant responded that he did not know the contents of the magazines because he had not examined them thoroughly. However, defendant also testified that he had read the articles in the magazines but had not looked at all of the pictures.

Defendant also testified that upon his arrival at Peterman's apartment, he opened the suitcase at Peterman's request and spread the magazines on the living room floor after being informed that "Mark" (Officer Killacky) was really interested in "chicken." Defendant then sat down on the living room floor opposite Peterman and "Mark," who were sitting side-by-side examining the magazines. Defendant said he was unaware of which two magazines were sold because he was not interested in the subject matter.

I

Our child pornography statute provides in pertinent part:

"Sec. 11—20a. Child Pornography ***

(1) Matter *** is 'child pornography' *** if:

(A) it has as one of its participants or portrayed observers a child under the age of 16 or who appears as pre-pubescent; and

(B) it contains depictions *** of sexual conduct which are patently offensive; and

(C) taken as a whole, the average person, applying contemporary standards of this State, would find it has as its dominant theme an appeal to prurient interest; and

(D) taken as a whole, it lacks serious literary, artistic, educational, political or scientific purpose or value." Ill. Rev. Stat. 1981, ch. 38, par. 11—20a.

Defendant contends that the child pornography statute is unconstitutional because the criminalization of exhibiting pornographic materials that depict children who appear prepubescent is so vague that it violates the defendant's right to due process. In *People v. Spargo* (1982), 103 Ill. App. 3d 280, 431 N.E.2d 27, *appeal denied* (1982), 91 Ill. 2d 564, the statute was upheld as constitutional against

an allegation of vagueness. The exact clause, "who appears as pre-pubescent," was not specifically attacked.

Due process guarantees associated with vagueness concerns are adequately protected where the statutory language provides sufficient notice to a person of average intelligence that the material exhibited would constitute child pornography. *People v. Parkins* (1979), 77 Ill. 2d 253, 256, 396 N.E.2d 22; *Rabe v. Washington* (1972), 405 U.S. 313, 315, 31 L. Ed. 2d 258, 260, 92 S. Ct. 993, 994.

The Illinois statute is phrased in the disjunctive. An individual is put on notice that a criminal act is committed where the child pornography has, as one of its participants, "a child under the age of 16" or a child " who appears pre-pubescent." Most criminal acts are subject to construction as to whether they violate a law. A statute will not be deemed void for vagueness simply because the defendant's conclusions as to the character of the material exhibited differ from that of the trier of fact. *People v. Friedrich* (1943), 385 Ill. 175, 180, 52 N.E.2d 120.

In this case, the indictment charged the offense of child pornography "depicting a child under the age of sixteen years." The conviction was based upon proof of the crime charged in the indictment. The defendant was neither indicted nor convicted under the provision of the statute dealing with a child "who appears as pre-pubescent."

The principle of standing to challenge the constitutionality of a statute requires that a party be either directly affected by the alleged unconstitutional feature or that the alleged unconstitutional feature be so pervasive as to render the entire statute invalid. (*People v. Ray* (1983), 119 Ill. App. 3d 180, 183, 456 N.E.2d 179.) We, therefore, find that the defendant does not have standing to challenge the constitutionality of that provision because he is not directly affected as one within the "class aggrieved by the alleged unconstitutionality." *People v. Wagner* (1982), 89 Ill. 2d 308, 311, 433 N.E.2d 267.

Defendant admitted in his briefs and oral argument that there are clear-cut cases in which individuals may be properly convicted for exhibiting materials that depict a child "who appears as pre-pubescent." Therefore, that provision does not contain an unconstitutional feature so pervasive as to render the entire statute invalid. In addition, the legislature has since deleted the words "or who appears as pre-pubescent" from the statute, so it would be a needless academic exercise to pursue it further. Ill. Rev. Stat. 1983, ch. 38, par. 11—20.1.

II

■ Defendant contends that the evidence was insufficient to

prove him guilty beyond a reasonable doubt. He alleges that the State failed to prove that the material depicted children under the age of 16 and that there was no evidence that he had knowledge of the contents of the material.

In a bench trial, the credibility of witnesses is for the trial judge to determine, and the decision of the trier of fact in this regard will not be disturbed unless it is based upon evidence so improbable as to raise a reasonable doubt of defendant's guilt. (*People v. Margiolas* (1983), 117 Ill. App. 3d 363, 453 N.E.2d 842, *appeal denied* (1983), 96 Ill. 2d 563.) A reviewing court will not substitute its judgment for that of the trier of fact unless inferences drawn are inherently impossible or unreasonable. *People v. Trump* (1978), 62 Ill. App. 3d 747, 748, 379 N.E.2d 370, *appeal denied* (1978), 71 Ill. 2d 620.

A

Defendant acknowledges in his brief that "to an average person of ordinary intelligence, the photographs depict persons who appear to be under sixteen." However, he contends that the State must prove beyond a reasonable doubt that the persons were in fact under 16 years of age.

Congressional investigations indicate that Chicago is a major center for producing and disseminating child pornography. However, it is often impossible to determine the source of the child pornography. It is quite common for photographs made in the United States to be sent to foreign countries to be reproduced and then returned to this country to give the impression of foreign origin. (Senate Committee On The Judiciary, Protection of Children Against Sexual Exploitation Act of 1977, S. Rep. No. 95—438, 95th Cong., 1st Sess. 5, 6 (1977).) The identity of children depicted and their whereabouts are frequently unknown. Requiring law enforcement officials to track down and identify the depicted children to successfully prosecute a child pornography case would destroy the effectiveness of the child pornography statute in preventing the sexual exploitation of children. Therefore, the legislature has vested the trier of fact with the function of determining the age of the child depicted. This does not subject the defendant to arbitrary or whimsical findings. For years, courts have struggled with guidelines to define what constitutes obscenity. (*Miller v. California* (1973), 413 U.S. 15, 18-19 n.2, 37 L. Ed. 2d 419, 427 n.2, 93 S. Ct. 2607, 2612 n.2.) It has been consistently held that the trier of fact can make a determination that a film is obscene by merely viewing the film. *Paris Adult Theatre I v. Slaton* (1973), 413 U.S. 49, 56 n.6, 37 L. Ed. 2d 446, 456 n.6, 93 S. Ct. 2628, 2634-35 n.6; *People*

*v. Marsico* (1981), 100 Ill. App. 3d 691, 693, 427 N.E.2d 351.

The Illinois Supreme Court has ruled that in such situations the pictures speak for themselves. (*People v. Ridens* (1972), 51 Ill. 2d 410, 415-16, 282 N.E.2d 691.) Thus, it is clear that a trier of fact can determine obscenity from a photograph. It naturally follows that in determining child pornography, based upon its everyday experiences, a trier of fact can determine from a photograph whether a child is under "the age of sixteen."

Thus, the best evidence of whether material constitutes child pornography is the material itself. To require identification of the child and conventional proof of age such as the testimony of a close relative (*Chicago & Alton R.R. Co. v. Lewandowski* (1901), 190 Ill. 301, 308, 60 N.E. 497), or a certified copy of a birth certificate (*In re Estate of Ersch* (1963), 29 Ill. 2d 572, 578, 195 N.E.2d 149) would render statutes designed to protect children inoperable. To hold otherwise would, in effect, declare an open season on children of tender years for the benefit of merchants of misery who engage in this base form of exploitation for pecuniary profit.

Just as the trier of fact can determine what constitutes obscenity (*People v. Marsico* (1981), 100 Ill. App. 3d 691, 693, 427 N.E.2d 351), so can it, based on everyday observations and common experiences, assess the age of the children depicted with the requisite degree of certainty to satisfy the standard of proof beyond a reasonable doubt. 32 C.J.S. *Evidence* sec. 609 (1964).

■ An examination of the magazines admitted into evidence depict children who manifest those characteristics found in children under 16—lack of facial and general body hair and lack of musculoskeletal development. Captions with some of the photographs indicate that the children are 13 and 15 years old. We find that there is sufficient evidence to support the fact that the youths depicted in the magazines were under 16 years of age.

We conclude that the trial court could properly determine from the photographs in the magazines that the children were under the age of 16.

B

■ There is ample proof of the defendant's knowledge of the contents of the material. He acknowledged reading the magazines. In the process, it would be impossible to avoid observing the photographs. The magazines were 8½ inches by 11 inches in size, and one had offensive photographs on the front and back covers. The defendant answered an advertisement seeking obscene photographs of men and

discussed "kiddie porn" and "good chicken" with the police officer that made the arrest.

A review of the record reveals that the trial court could conclusively determine that the defendant had knowledge of the contents of the magazines and that the contents depicted children under the age of 16.

### III

■ Defendant contends that the magazines were improperly admitted into evidence because of minor discrepancies between the actual titles of the exhibits and the titles in Officer Killacky's police report. He also claims that the State did not establish an unbroken chain of custody.

A proper foundation for the admission of an exhibit may be laid either through identification by a witness, or through establishment of a chain of possession, and it is not necessary to require both methods. (*People v. Graves* (1982), 107 Ill. App. 3d 449, 454, 437 N.E.2d 866.) The propriety of admitting physical evidence rests primarily within the discretion of the trial judge, and the exercise of that discretion will not be interfered with absent abuse which prejudices defendant. *People v. Fair* (1977), 45 Ill. App. 3d 301, 305, 359 N.E.2d 848.

The State need not exclude every possibility that the article may have been tampered with or substituted; rather, the court must be satisfied to a reasonable probability that the article has not been changed in any important aspect. *People v. Gustowski* (1981), 102 Ill. App. 3d 750, 753, 430 N.E.2d 317.

Officer Killacky properly identified the exhibits and also testified to the inventory procedures which preserved the evidence. The trial court was correct in admitting the magazines into evidence.

### IV

■ After the trial, defendant challenged the indictment by filing a motion in arrest of judgment. Defendant claims that the indictment charging him with child pornography in the language of the statute is insufficient as a matter of law. The indictment reads in pertinent part that defendant, on April 22, 1983, "with knowledge of the nature and content thereof, exhibited *** certain photograph [*sic*] matter, to wit: child pornography depicting a child under the age of sixteen years, containing depictions of sexual conduct that are patently offensive *** in violation of Chapter 38, Section 11—20a(B) (1) of the Illinois Revised Statutes 1981 as amended ***." Contrary to defendant's argument, an indictment that charges an offense in the language of the

statute is sufficient when the statute apprises the defendant with reasonable certainty of the offense charged. (*People v. Bradley* (1984), 128 Ill. App. 3d 372, 378, 470 N.E.2d 1121.) In the present case, the indictment clearly informed defendant of the offense with which he was charged and also included the date of the alleged offense. Therefore, the indictment was sufficient.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.