THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES G. MORRISON, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD POPE, Defendant-Appellant.

Second District   Nos. 2—84—0623, 2—84—1067 cons.

Opinion filed October 26, 1987.

Reno, O'Byrne & Kepley, P.C., of Champaign, and Daniel Cain, of Sreenan & Cain, P.C., of Rockford (J. Steven Beckett and Glenn A. Stanko, of counsel), for appellants.

Paul A. Logli, State's Attorney, and Daniel D. Doyle, State's Attorney, both of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

The defendants, Richard Pope and Charles Morrison, attendants at adult bookstores, were each separately charged and found guilty by a jury of the crime of obscenity on three counts. Each count alleged the sale of an obscene magazine. Both defendants filed timely post-trial motions, renewing a constitutional issue asserted in their pretrial motions to dismiss, which had previously been denied. That issue centered on the defendants' claim that the Illinois obscenity statute in existence at the time they were charged and tried was unconstitutional in failing to require that the value element of the tripartite test for obscenity be adjudged solely on an objective basis and not by reference to contemporary community standards. The post-trial motions were denied.

Each defendant filed a timely notice of appeal. This court affirmed both convictions, rejecting defendants' contention that the value issue must be determined solely on an objective basis and not by reference to contemporary community standards. (*People v. Pope* (1985), 138 Ill. App. 3d 726, 486 N.E.2d 350; *People v. Morrison* (1985), 138 Ill. App. 3d 595, 486 N.E.2d 345.) Subsequently, this court denied a rehearing in both cases. Defendants then sought leave to appeal in the Illinois Supreme Court, and that court denied review. Defendants sought *certiorari* in the United States Supreme Court, and on October 6, 1986, *certiorari* was granted.

In an opinion filed May 4, 1987, the United States Supreme Court held that an instruction given at each defendant's trial, which directed

the jury to apply contemporary community standards in deciding the value question, violated the defendants' first and fourteenth amendment rights. The Supreme Court vacated the judgments of this court and remanded the cases for consideration of whether the constitutional violation constituted harmless error.

On remand, defendants argue that the harmless error issue cannot be reached unless this court reconstrues the former Illinois obscenity statute and that the constitutionally infirm instruction, which allowed the jury to make its value determination based upon contemporary community standards, was not harmless beyond a reasonable doubt.

We note at the outset that the State argues that defendant Richard Pope has waived consideration of whether the obscenity instruction was harmless error. The State maintains that Pope has waived the issue not only because he tendered the erroneous instruction but also because he failed to raise any issue concerning the instruction in his post-trial motion or on direct appeal to this court. Thus, the State asserts, as defendant has waived this issue at every step of the proceedings, an independent State ground exists to affirm Pope's conviction.

██ █ Supreme Court Rule 451(c) permits the review of "substantial defects" in instructions if the "interests of justice require." (107 Ill. 2d R. 451(c).) The error in the instruction must be so plain, substantial or grave as to warrant our taking notice of it. (*People v. Jones* (1979), 81 Ill. 2d 1, 7, 405 N.E.2d 343.) In the case at bar, the United States Supreme Court found that it was error to instruct the jury to use a State community standard in considering the "utterly without redeeming social value" question. The court remanded the cause for our consideration and ordered this court to determine whether the error in question was harmless. Clearly, this mandate illustrates that the error was so grave as to require our review of it under Supreme Court Rule 451(c), and this determination obviates the need to consider any of the waiver arguments the State raises against defendant Pope.

Instead, we address the defendants' contention that the harmless error issue cannot be reached unless the court reconstrues the former Illinois obscenity statute. (Ill. Rev. Stat. 1983, ch. 38, par. 11—20.) The defendants assert that in *Pope v. Illinois* (1987), 481 U.S. ___, 95 L. Ed. 2d 439, 107 S. Ct. 1918, the United States Supreme Court recognized that the former Illinois obscenity statute was unconstitutional and that unless this court reconstrues the statute to be constitutional, the erroneous instruction could not be harmless error. We

are not in agreement with the defendants' interpretation of the Supreme Court's decision. The Supreme Court did not find the obscenity statute to be unconstitutional. (See 481 U.S. ___, ___, 95 L. Ed. 2d 439, 445-46, 107 S. Ct. 1918, 1921.) Rather, it found a jury instruction which directed the jury to apply a contemporary community standard in adjudging whether the materials in question were "utterly without redeeming social value" to be unconstitutional. The statute in force at the time did not require the social value of allegedly obscene material to be adjudged on community standards. Only the jury instruction sets forth this requirement, and, therefore, the Supreme Court found just the erroneous instruction to be unconstitutional.

■■ ■ Moreover, defendants' request that this court reconstrue the former obscenity statute is beyond the scope of the Supreme Court's mandate. When the directions of a reviewing court are specific, a positive duty devolves upon the court to which the cause is remanded to act in accordance with the directions contained in the mandate. (*People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 276, 442 N.E.2d 185.) Here, the United States Supreme Court remanded this cause strictly for determination of whether the erroneous instruction was harmless. Therefore, it is only that specific issue which we may consider upon remand.

Thus, we finally direct our attention to the only issue before this court, *i.e.*, whether the erroneous obscenity instruction was harmless beyond a reasonable doubt. The defendants maintain that the instruction was not harmless error because (1) the United States Supreme Court has refused to find harmless error in cases involving substantive errors in obscenity definitional instructions, (2) Illinois courts have refused to find harmless error where an improper instruction of a fundamental nature is given in an obscenity case, and (3) the record in the case at bar fails to establish that the instructional error was harmless.

Relying on the United States Supreme Court's decisions in *Marks v. United States* (1977), 430 U.S. 188, 51 L. Ed. 2d 260, 97 S. Ct. 990, and *Pinkus v. United States* (1978), 436 U.S. 293, 56 L. Ed. 2d 293, 98 S. Ct. 1808, the defendants first argue that when the Supreme Court has been required to undertake the harmless error scrutiny in obscenity cases involving instructional errors of a substantive nature, that court has found such errors not harmless. In *Marks*, the defendants were charged with transporting obscene materials in violation of a Federal statute. Prior to the defendants' trial, the standards articulated in *Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607, for isolating hardcore pornography from expression pro-

tected by the first amendment, were set forth, and these standards were applied to the defendants. As the defendants' violations arose before the *Miller* decision, the United States Supreme Court held that they were entitled to jury instructions which instructed the jury to apply the less restrictive "utterly without redeeming social value" standard of *Memoirs v. Massachusetts* (1966), 383 U.S. 413, 419, 16 L. Ed. 2d 1, 6, 86 S. Ct. 975, 978, to the materials involved rather than the *Miller* standards. Based on this error, the Supreme Court reversed defendants' convictions.

In *Pinkus*, the defendant was convicted of mailing obscene materials and advertising brochures for such materials. Among the instructions given to the jury was one which instructed the jury to include children as part of the community by whose standards obscenity was to be judged. The United States Supreme Court found that there was no evidence that children were intended recipients of the materials in question and, thus, it was error to instruct the jury that children were part of the relevant community. Such an instruction, in the Supreme Court's opinion, may have had the effect of causing the jury to consider a much lower "average" in defining the relevant community by whose standards obscenity was to be adjudged than if the jury had restricted its consideration only to the effect of the materials on adults. (*Pinkus v. United States* (1978), 436 U.S. 293, 297-98, 56 L. Ed. 2d 293, 299, 98 S. Ct. 1808, 1812.) In making its findings, the Supreme Court pointed out that valid arguments could be made that the inclusion of children was harmless error. However, the Supreme Court determined to use the *Pinkus* case to make it clear that children are not to be included as part of a community for purposes of considering the effect of allegedly obscene materials on adults. 436 U.S. 293, 296-97, 56 L. Ed. 2d 293, 298, 98 S. Ct. 1808, 1812.

Unlike *Marks* and *Pinkus*, an error of a substantive nature in an obscenity definitional instruction was held to be harmless in *Hamling v. United States* (1974), 418 U.S. 87, 41 L. Ed. 2d 590, 94 S. Ct. 2887. In *Hamling*, the defendants were convicted of mailing and conspiring to mail obscene advertising brochures with sexually explicit photographic material. One of the issues presented to the Supreme Court was the scope of the relevant community. Defendants argued that a jury instruction which instructed the jury to judge the obscenity of the brochure by reference to the community standards of the nation as a whole was error.

The Supreme Court held that the relevant community standard would be the standards of the community from which the jurors were drawn. Nevertheless, the Supreme Court concluded that the errone-

ous instruction was harmless. In reaching this conclusion, the Supreme Court noted that it had frequently held that jury instructions were to be judged as a whole rather than by picking isolated phrases from them and that reversal, under the circumstances of this case, was not required unless the probability existed that the excision of the reference to the "nation as a whole" in the instruction dealing with community standards would have materially affected the jury's deliberation. (*Hamling v. United States* (1974), 418 U.S. 87, 108, 41 L. Ed. 2d 590, 615, 94 S. Ct. 2887, 2902-03.) The court found that such a probability did not exist and, therefore, the error in the obscenity definitional instruction was harmless.

Thus, despite defendants' contention in the case at bar that the United States Supreme Court has found instructional errors of a substantive nature in obscenity cases to be not harmless, this contention is discounted by the Supreme Court's holding in *Hamling*. Moreover, although defendants attempt to distinguish *Hamling* from *Marks* and *Pinkus*, the fact remains that the United States Supreme Court has not always held errors of a substantive nature in obscenity definitional instructions not harmless as the defendants here claim.

Additionally, as the State points out, *Pope v. Illinois* (1987), 481 U.S. ___, 95 L. Ed. 2d 439, 107 S. Ct. 1918, is the most recent case heard by the United States Supreme Court dealing with the applicability of the harmless error doctrine to an erroneous obscenity instruction. In *Pope*, the Supreme Court specifically found the doctrine to be applicable to the erroneous instruction. The Supreme Court noted its authority to determine whether the error was harmless but refrained from such action, deciding instead to remand the cause to this court for such a factual determination. In light of this remand and the Supreme Court's reliance in *Pope* on its recent decision in *Rose v. Clark* (1986), 478 U.S. 570, 92 L. Ed. 2d 460, 106 S. Ct. 3101, to point out that it is no longer good law that a conviction can never stand if the instructions provided a jury do not require it to define each element of a crime under the proper standard of proof, we conclude that defendants' argument that it has been the Supreme Court's policy to find that an improper obscenity instruction of a substantive nature cannot be harmless error is substantially weakened.

Defendants also contend that since Illinois courts have found that error in definitional instructions in obscenity cases is fundamental error requiring a reversal without further review of the evidence, this court should find that the fundamental error in the improper obscenity instruction in the instant case was not harmless and that the error necessitates the outright reversal of defendants' convictions. To sup-

port this contention, the defendants rely on *People v. Stromblad* (1978), 74 Ill. 2d 35, 383 N.E.2d 969, and *People v. Marsico* (1981), 100 Ill. App. 3d 691, 427 N.E.2d 351.

In *People v. Stromblad* (1978), 74 Ill. 2d 35, 383 N.E.2d 969, the jury was misinstructed on the definition of obscenity. Based on the improper instruction, the Illinois Supreme Court reversed the defendant's conviction without evaluating the evidence. Like the State, we believe the supreme court's decision in *Stromblad* resulted largely from its interpretation of its duty under the United States Supreme Court's decision in *Marks v. United States* (1977), 430 U.S. 188, 51 L. Ed. 2d 260, 97 S. Ct. 990. In both *Stromblad* and *Marks* the defendants had been convicted by juries which were improperly instructed to apply the *Miller* standards rather than the *Memoir* standards. Thus, in effect, the jurors were precluded from considering the value of the materials in question since they were instructed to determine whether the materials, taken as a whole, lacked serious literary, artistic, political, or scientific value rather than whether they were "utterly without redeeming social value." As a result, the Illinois Supreme Court in *Stromblad* found the jurors lacked a necessary tool for the performance of their function of determining whether the defendants had been proved guilty of the offense charged.

In the present case, however, the jurors were not precluded from considering the question of value since they were properly informed that to convict they must find that the magazines defendants sold were "utterly without redeeming social value." The instructional error, although of a fundamental nature, was in the standard to be used in considering the value question and was not in the definition of obscenity itself, as in *Marks* and *Stromblad*. Since the jurors in the instant case were not precluded from considering the value question as they were in *Marks* and *Stromblad*, we believe the error here differed substantially from that occurring in those cases and that, despite the error, the jury did not lack the necessary tools for determining defendants' guilt or innocence of selling obscene materials.

Likewise, we find *People v. Marsico* (1981), 100 Ill. App. 3d 691, 427 N.E.2d 351, differs from the instant case. In *Marsico*, the jury was given contradictory instructions on essential elements of the offense of obscenity. While the instruction setting forth the necessary elements of obscenity was correct, the instruction defining obscenity was incorrectly stated. The appellate court found that the giving of contradictory instructions on essential elements was not harmless error. We believe such a conclusion is understandable, as the giving of conflicting instructions provides the jury with no means of deciding

which instruction is correct and which is not. (*People v. Frazier* (1984), 123 Ill. App. 3d 563, 575, 463 N.E.2d 165.) However, such a conflict was not present in the instant case. The instruction defining obscenity was correctly stated, as was the instruction setting forth the necessary elements of the offense. The error came in determining what standards should be assigned to the value element.

■ In *People v. Jones* (1979), 81 Ill. 2d 1, 405 N.E.2d 343, decided after *Stromblad*, the Illinois Supreme Court applied the harmless error rule in an attempted murder case where the jury was misinstructed on an essential element of the offense. The jury was given a definitional murder instruction which included mental states other than the intent to kill, the necessary mental state for attempted murder. The court held the instructional error to be harmless because the intent to kill was "blatantly evident." (81 Ill. 2d 1, 10, 405 N.E.2d 343.) As a result of the supreme court's decision in *Jones*, an error in giving instructions will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that the jury could not reasonably have found him not guilty. See also *People v. Moore* (1983), 95 Ill. 2d 404, 409-12, 447 N.E.2d 1327 (refusal to give a voluntary manslaughter instruction where deceased was shot during armed robbery attempt was proper because of statutory provision that a killing committed during forcible felony is murder and, therefore, the jury could not have convicted defendant of less than murder); *People v. Thompson* (1984), 125 Ill. App. 3d 665, 466 N.E.2d 380 (refusal to give defendant's "dangerous weapon" instruction, aimed at instructing the jury that a pellet gun used during armed robbery was not dangerous, was harmless where evidence showed pellet gun, although inoperable, would be dangerous weapon if used as club or bludgeon, and, therefore, jury would not have found weapon not dangerous under test for potential use).

■ In the case at bar, defendants' guilt of the offense of selling obscene materials was "blatantly evident" from the materials themselves. Defendant Pope was convicted of selling three obscene magazines: Full Throttle, Fuckaround, and Anal Animal. Defendant Morrison also was convicted of selling three obscene magazines: Rubber Suckers, She-Male Subjugation, and Solo Suck Off. Rather than unduly lengthening this opinion by providing a detailed and extensive description of the contents of each magazine, we note only that the magazines are replete with pictures of naked or nearly naked men and women engaging in actual or imminent acts of intercourse, fellatio, cunnilingus, masturbation, homosexuality, or lesbianism, and focusing on the genitals of the models. Thus, based on the contents of

the magazines, we believe neither jury could have reasonably found the defendants not guilty.

Defendants, however, rely on *People v. Marsico* (1981), 100 Ill. App. 3d 691, 427 N.E.2d 351, to argue that publications containing the aforementioned types of sexual acts are not necessarily obscene. Defendants point out that although the appellate court in *Marsico* found that a jury could conclude that the materials in that case, which contained sexual acts similar to those portrayed in the magazines in the present case, were obscene, the court reversed and remanded for a new trial. However, defendants fail to also point out that the reversal in *Marsico* was not based on the fact that the materials were considered not obscene but on the fact that the jurors were given two contradictory instructions setting forth the necessary elements of obscenity. This error, as we have discussed earlier in this opinion, was more serious than the error here and thus necessitated a reversal in *Marsico*.

Defendants also maintain that the State failed to present any evidence on the value of the magazines in question and that as in *People v. McGeorge* (1987), 156 Ill. App. 3d 860, 510 N.E.3d 1032, lack of evidence requires reversal where a jury has not been properly instructed on the value question. In *McGeorge*, defendant had presented evidence in the form of the testimony of a clinical psychologist that the materials in question had some limited value, either as an aid in achieving marital balance or as a safety valve to prevent criminal behavior. The State presented no evidence regarding the materials' value or lack of value. The jury was instructed, as in the instant case, to consider the value question based on community standards rather than on the rational juror standard established by *Pope v. Illinois* (1987), 481 U.S. ____, 95 L. Ed. 2d 439, 107 S. Ct. 1918. The Appellate Court for the Fourth District reversed defendant's conviction for obscenity and remanded the cause for a new trial, finding that the erroneous instruction was not harmless error because a rational juror, if properly instructed, could have accepted the psychologist's testimony and concluded that the materials in question had some limited value.

*McGeorge* is clearly distinguishable from the case at bar because here both the defendants and the State presented no testimonial evidence for the jury's consideration regarding the redeeming social value of the magazines. Thus, the possibility that, due to the erroneous instruction, the jurors could have failed to properly weigh such evidence did not exist in the instant case as it did in *McGeorge*.

■ *People v. Sequoia Books* (1987) 160 Ill. App. 3d 315, cited in the defendant's reply brief, is also distinguishable from the instant

case on the value question because in *Sequoia* both the State and the defendants presented testimonial evidence relating to value. It was the fact that both parties had presented evidence of value that led this court, in *Sequoia,* to find that instructing the jury to apply contemporary community standards rather than the rational juror standard to determine the obscenity of a magazine, although error, was harmless. Here, as the State points out, the question of redeeming social value was not a contested issue with conflicting testimony as in *McGeorge* and *Sequoia* because neither party in the instant case presented any testimonial evidence on value. Rather, the question of social value in the instant case was left up to the jury's determination based solely on the contents of the magazines. As the obscenity of the magazines is obvious from the materials themselves, we conclude that no rational juror, if properly instructed, could have found value in the magazines in question and, therefore, the improper instruction constituted harmless error.

Based on the foregoing we affirm the convictions of defendants Richard Pope and Charles Morrison but vacate defendant Pope's sentence and remand his cause for resentencing.

Affirmed in part, vacated in part, and remanded.

INGLIS and UNVERZAGT, JJ., concur.